Corcoran vs. Webster and others.

*By the Court.* — Judgment affirmed.

---

CORCORAN vs. WEBSTER and others.

*August 31 — September 21, 1880.*

JURISDICTION OF JUSTICES' COURTS: COSTS. *(1-3) Whether title to land came in question: Fixtures treated as personal property. (4) Costs in circuit court.*

1. The owner of machinery or other things in the nature of fixtures, which may be easily severed from the realty, may treat them as chattels, and, by the execution of a chattel mortgage on them, estop himself from asserting, as against the mortgagee, that they are part of the real estate; and

the mortgagee may put the mortgage in evidence to show his right to the possession of the articles mortgaged, without thereby putting in issue the title to real property.

2. The question of defendant's right to enter upon plaintiff's land for the purpose of removing personal property therefrom, is not a question of title to the land.

3. Complaint, that plaintiff, on etc., was owner and in possession of certain lands, on which were a mill and machinery, embracing certain fixtures and other articles; that defendants unlawfully broke and entered the premises and took possession of the mill and fixtures, etc.; and that, while so in possession, they took and carried away the machinery; and damages are demanded for the value of the machinery, and for other injuries to the mill and premises. Answer, admitting that defendants took and carried away from the premises the property described, but denying generally all other averments of the complaint, and alleging that on the day mentioned one of the defendants was the owner and in actual possession of "all the property described in the complaint or therein mentioned," and that the other defendants, under his direction, took and carried away from the premises mentioned in the complaint, in a peaceable manner, "all the property mentioned in the complaint." *Held*, that the words above quoted must be understood of the machinery, etc., removed, and the answer is not to be construed as denying plaintiff's title to the land.

4. The action having been commenced in the circuit court, and no claim of title to real property appearing from the record to have arisen, or being certified by the court below to have come in question on the trial, and the plaintiffs having recovered as damages less than $50, they were not, but defendants were, entitled to recover *costs*. R. S., secs. 2918–20.

APPEAL from the Circuit Court for *Oconto* County.

The case is thus stated by Mr. Justice TAYLOR:

"The complaint alleges that plaintiff was the owner and in possession of a certain tract of land, on which were situated a mill and machinery, containing certain fixtures and articles thereinafter mentioned, and that on a day named the defendants, with force and arms, forcibly and unlawfully broke and entered said premises, and unlawfully and without authority took possession of said mill and machinery, fixtures and articles, and so held possession for the space of thirty days. It then alleges that, whilst the defendants so held possession

Corcoran vs. Webster and others.

of said mill and premises, they took and carried away the machinery in said mill (describing the same, with the value of each article so taken and carried away); and it claims damages for the value of the machinery so removed, and also for other injuries to the mill and premises.

"The answer admits that the defendants took and carried away from the premises mentioned in the complaint the property therein described, but denies every other allegation of the complaint; and it alleges that on the day mentioned in the complaint the defendant *Waggoner* was, and for a long time prior thereto had been, the owner and in actual possession of all *the property described in the complaint or therein mentioned;* and that on the day named the defendants, under the direction and employment of *Waggoner*, took and carried away from the premises in said complaint mentioned, in a peaceable manner, *all of the property mentioned in said complaint.*

"Upon the trial the jury were required to find a special verdict, and upon such verdict judgment was rendered in favor of the plaintiff and against the defendants for the sum of $25 damages and $199.96 costs. The defendants appeal from so much of the judgment as gives the plaintiff costs, and insist that the defendants should have had judgment for their costs against the plaintiff."

*W. H. Webster*, for appellants, contended that, plaintiff having recovered less than fifty dollars damages, defendants were entitled to costs. R. S., secs. 2918, 2920.

For the respondent there was a brief by *Hudd & Wigman*, and oral argument by *Mr. Hudd:*

A plaintiff is entitled to costs, without regard to the amount recovered, where a justice of the peace would have had no jurisdiction, or where a claim of title arose on the proceedings or is certified by the court to have come in question at the trial. R. S. 1858, ch. 133, sec. 38. And a justice of the peace has no jurisdiction to try any action wherein the title

to land shall come in question. R. S. 1858, ch. 120, secs. 51, 56. The pleadings show the question of title to have arisen in this case, title in the plaintiff being alleged in the complaint and denied in the answer. *Stoppenbach v. Zohrlaut*, 21 Wis., 385; *Murray v. Van Derlyn*, 24 id., 67; *Soper v. Barker*, 36 id., 648. If a certificate that title came in question was necessary, this court will presume that it was made. The record does not show that it was not. The judgment itself is in the nature of, and may be treated as, a certificate that the plaintiff is entitled to full costs. All reasonable presumptions will be made in support of the judgment. *Boyer v. Schofield*, 2 Keyes, 628; *Van Patten v. Wilcox*, 32 Wis., 341; *Rathbone v. McConnell*, 21 N. Y., 466. And, in the absence of a bill of exceptions showing the evidence, this court will not say that the claim of title did not arise on the proceedings, but will determine the question of costs from the pleadings and the judgment awarding such costs. *Power v. Rockwell*, 39 Wis., 588.

TAYLOR, J. This was an action to recover damages for a trespass upon real estate, and for taking and carrying away machinery, fixtures and personal property found thereon. The damages recovered by the plaintiff were less than $50. He was not, therefore, entitled to recover costs under section 2918, R. S. 1878, unless he brings himself within the provisions of subdivision 1 of said section, by showing that "a claim of title to real property arose on the proceedings, or was certified by the court to have come in question at the trial." Subdivision 5 of said section expressly provides that "in other actions of tort for the recovery of money, the plaintiff can recover costs only when he recovers $50 or more." And both parties admit that the action in this case comes within the provisions of said last-named subdivision, and can only be taken out of it by showing that it comes also within the provision of subdivision 1, above quoted.

Corcoran vs. Webster and others.

We think it quite clear that the pleadings in the case do not necessarily put in issue the title of the plaintiff to the lands or mill in question.    The first part of the defendants' answer admits the taking and carrying away of the property as alleged in the complaint; the third and fourth parts allege, in substance, that the defendant *Waggoner* was at the time, and prior thereto, the owner and in the possession of said property so carried away, and that the defendants took and carried the same away peaceably, under the order and direction of said defendant *Waggoner*.    That the third and fourth parts of the answer were not intended to refer to the lands and mill itself, and to assert possession and ownership of them by the defendant *Waggoner*, is evident from the fact that the allegation is that the defendants took and carried away all the property of which the defendant *Waggoner* was possessed and owned. The words "all the property mentioned in said complaint," used in the third and fourth parts of the answer, were clearly not intended to include the lands and mill itself, as it is highly probable the defendants would have hesitated to verify under oath an allegation that they had taken and carried away eighty acres of land and the saw-mill standing thereon.    The other allegation made by the second part of the answer, that the defendants deny each and every allegation of the complaint, except as admitted by the other parts of the answer, we do not think sufficient to show that a claim to real property arises on the proceedings.

The evidence is not preserved by a bill of exceptions.    There is no certificate by the court that a claim of title to real property came in question on the trial, and there is nothing in the special verdict showing that fact.  None of the forty-nine questions submitted to the jury in this case, and answered by them, have any relation to the title to the real estate described in the complaint.    From what appears from the special verdict it would seem improbable that any such title could have come in question.    The verdict shows that *Waggoner's* title to the

property taken and carried away by her was derived from the plaintiff himself, by virtue of a chattel mortgage executed by the plaintiff to her, and that this defendant, and her agents or servants, claimed nothing except under the chattel mortgage. Although some of the articles taken by the defendants were fixtures in their nature, and, as such, a part of the realty, yet the plaintiff, by the execution of the chattel mortgage upon them, had estopped himself from asserting that they were a part of the real estate. The introduction of the chattel mortgage in evidence, by the defendant, would not be evidence of title to real property, but would establish the relation of mortgagor and mortgagee of the property described in such chattel mortgage as personal property. We think there can be no doubt but that the owner of machinery or other things in the nature of fixtures, and which may be easily severed from the real estate, may treat them as chattels and sell them as such, and that the vendee may show such sale and purchase without putting in issue the title to real estate.

The only question which could arise under the mortgage would be the right of the mortgagee to enter upon the real estate and remove the property described in the mortgage. That question is not a question of a claim of title to real property, within the meaning of the statute above quoted. The defendants made no claim of title to the realty, but simply claimed the right to enter upon the realty and remove the property described in the mortgage. The proof of the execution of the mortgage was not any evidence of title to real estate, and, when the mortgagee had proved her mortgage, it was a question of law whether she had the right to enter upon the real estate of the plaintiff for the purpose of removing the property described in the mortgage. The fact that she claimed the right to enter upon the real estate of the plaintiff to remove the chattels described in her mortgage, did not raise a question or claim of title to real estate, any more than if she had claimed to enter to remove a horse which had

been sold to her by the plaintiff. Under the issues in this case it is possible that the title to real estate might have come in question. If the plaintiff had not in fact been in the actual possession of the real estate at the time the defendants entered, it would have been necessary for him to prove his right to the possession by showing his title; but as the evidence is not before us, and nothing appears in the special verdict tending to show that the plaintiff was compelled to prove his title to the realty, in the absence of a certificate of the court that the title to real property came in question, we must presume that it did not, and that the plaintiff made out his case by proving an actual possession at the time, which was invaded by the defendants. The entry of judgment for costs in favor of the plaintiff cannot be taken as a substitute for the certificate required by the statute to entitle the plaintiff to the costs. Without the certificate required by the statute, this court cannot say that the court below awarded the costs to the plaintiff on the ground that a claim of title to real property came in question on the trial. For aught that this court can know from the record, such costs may have been awarded upon other grounds. The plaintiff's damages being less than $50, his right to costs in this action depends upon the certificate, which, it is admitted, was not made by the court. We think the court erred in directing judgment for the plaintiff for his costs.

*By the Court.*— So much of the judgment of the circuit court as gives costs to the plaintiff, is reversed, and the cause is remanded with direction to the circuit court to render judgment in favor of the defendants for their costs of the action.