STATE EX REL. CRAMER and others, Respondents, vs.
BODDEN, Tax Commissioner, and others, Appellants.

*June 1—June 23, 1920.*

*Taxation: Trade fixtures not assessable as real property.*

Under secs. 1035, 1043, Stats. 1919, machinery placed within a
building by a tenant for trade or manufacturing purposes is
not a "fixture," and therefore not assessable as real property
to the owner of the building.

APPEAL from a judgment of the circuit court for Mil-
waukee county: LAWRENCE W. HALSEY, Circuit Judge.
*Affirmed.*

The relators herein, *Harriet L. Cramer* and *John F.
Cramer,* are and were prior to June 1, 1918, the owners in
fee simple of lot 7, block 18, of the Third ward of the city
of Milwaukee, upon which was situated a four-story brick
building. Prior to June 1, 1918, the *Cramers* were stock-

holders, officers, and directors in the Evening Wisconsin Company, which carried on the business of publishing a newspaper and running a job-printing office. On May 31, 1918, the Evening Wisconsin Company sold its newspaper business and transferred all of its other property to *Harriet L. Cramer.* The *Wisconsin Printing Company* was organized in the latter part of May, 1918, and on May 31st *Harriet L.* and *John F. Cramer* leased to it certain portions of the brick building referred to for a term of five years; and the *Wisconsin Printing Company* purchased of *Harriet L. Cramer* all the machinery and stock used in the job-printing business which had been conveyed to her by the Evening Wisconsin Company. Since that time the *Printing Company* has been the sole owner of such machinery, using it in the job-printing business carried on by it in the leased premises. The machinery in question consists of ten cylinder presses, two cutting machines, two folding machines, four wire stitchers, and one sewing machine. Each of these machines is operated by electricity through a motor placed on the floor beside it, the power being furnished by another company. The machines and motors are bolted or screwed to the floors to prevent vibration. All the machines and motors can be removed from the building at any time by simply unscrewing the bolts and screws and cutting the connecting feed wires. The machinery of the *Wisconsin Printing Company* was assessed at $30,000 as real estate; the assessment was affirmed by the *Board of Review.* In a *certiorari* proceeding begun in the circuit court for Milwaukee county the action of the *Board of Review* was reversed, and the defendants appeal therefrom to this court.

For the appellants there was a brief by *Clifton Williams,* city attorney, and *Chas. W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

*Frank M. Hoyt* of Milwaukee, for the respondents.

ROSENBERRY, J.    The controversy in this case involves a construction of sec. 1035, Stats. 1919:

"The terms 'real property,' 'real estate' and 'land,' when ·used in this title, shall include not only the land itself but all buildings, including buildings on leased land and all fixtures, improvements thereon, rights and privileges appertaining thereto, and also private railroads and bridges."

. Also sec. 1043, Stats. 1919:

"Real property shall be entered in the name of the owner, if known to the assessor, otherwise to the occupant thereof if ascertainable, and otherwise without any name. . . . All buildings on lands under lease or permit, including buildings located on railroad right of way or on other lands not subject to local assessment, shall be assessed as real estate to the owners of such buildings, if known, otherwise as above provided.    The tax thereon may be enforced in the same manner as other real estate taxes or by action of debt as prescribed by section 1107a for the collection of taxes on personal property."

The question is whether or not under these statutes the machinery described is a fixture.    From an early day Wisconsin has had a liberal policy with reference to the right of a tenant to remove a trade fixture.    *Second Nat. Bank v. O. E. Merrill Co.* 69 Wis. 501, 34 N. W. 519; *Walker v. Grand Rapids F. M. Co.* 70 Wis. 92, 35 N. W. 332; *Corcoran v. Webster,* 50 Wis. 125, 6 N. W. 513.    If the legislature had intended to use the word *fixture* in any other sense than that established in the law of this state, it would undoubtedly have used language appropriate for that purpose.    There being nothing from which we can discover that the legislature intended to use the word in any different sense, we must hold that it was used in the sense in which it is ordinarily understood.    Machinery, therefore, placed within a building by a tenant for trade or manufacturing purposes is not a fixture, and therefore not assessable under the statute as real property to the owner of the building.    If

the legislature is desirous of destroying the right of offset of personal property tax against income taxes, it is very easy for it to use language which will make its intent clear and unmistakable. The legislature has had this statute under consideration, and it has been amended a number of times, and we discover nothing in the history of the statute which leads us to believe that the word *fixture* was used in any other than its accepted meaning.

*By the Court.*—Judgment affirmed.