JOSSLYN and another vs. McCABE.

FIXTURES: LESSOR AND LESSEE: REPLEVIN. *(1) How lessee loses his right to remove fixtures. (2) License to reënter and remove fixtures. (3) Replevin for fixtures unlawfully severed.*

1. If fixtures which a lessee has a right to remove while in possession of the premises, are left until after such possession is surrendered, without agreement reserving to the lessee the right of removal, the lessor takes title to them as part of the realty. *Keogh v. Daniell,* 12 Wis., 164.

2. The fact that lessees, before surrendering the possession, asked the lessor if they might leave the fixtures in the room rented, which was a store, and that the lessor replied he was willing they should be left, as they might help him to rent the store, cannot be held by the court to imply a license to the lessees to reënter and remove such fixtures.

3. In replevin by the lessees for such fixtures, the officer having severed them from the realty in executing the writ, there was no error in awarding to the lessor a judgment for their return.

APPEAL from the County Court of *Winnebago* County.

Replevin. . Plaintiffs, dry goods merchants in the city of Oshkosh, took a lease of defendant's store for their business,

the lease being in writing, in the usual form, with no provision in regard to fixtures. There was conflicting evidence as to an oral agreement between the parties, before and at the time of the making of the lease, that plaintiffs might put up shelving and remove it by the end of the term. During the term, plaintiffs put into the store shelving, etc., nailed to the floor and to the walls in such a way that it could be removed only by prying it from the walls and floor with levers, so as to break and deface the walls. After the termination of the lease, plaintiffs surrendered the keys of the store, and the possession thereof, to the defendant, without having removed the shelving; and thereafter defendant refused to deliver the shelving to the plaintiffs on their demand, or permit them to take it out of the store. When this action was commenced, the shelving was removed from the store by the officer, under his writ.

The above facts, with others stated in the opinion, were found by the court below; and judgment was rendered in favor of the defendant, for a return of the property, or for its value, and costs. Plaintiffs appealed from the judgment.

The cause was submitted for the appellant on briefs of *Geo. W. Burnell.*

*Moses Hooper*, for the respondent.

RYAN, C. J. There is no doubt that the appellants might have removed the fixtures while they remained in possession of the store; neither is there any doubt that, if they surrendered possession without removing the fixtures, and without reserving their right to remove them by agreement with the respondent, they abandoned all right in them. The title to the fixtures would then accrue to the respondent as part of his realty. *Keogh v. Daniell*, 12 Wis., 164. A very comprehensive and interesting discussion of these questions will be found in *Torrey v. Burnett*, 9 Vroom, 457, cited by the learned counsel of the appellants.

The case comes here, without bill of exceptions, upon the findings of the court below. And the only question is, whether the judgment is sustained by the facts found.

The learned judge of the court below finds, in effect, that the fixtures were not removed when the appellants surrendered possession after the termination of their term.

He further finds that the respondent did not agree with the appellants to permit the fixtures to be removed after the termination of the lease.

These findings, of themselves, would be fatal to the right of the appellants. But the learned judge still further finds that, before surrender of possession, the appellants asked the respondent if they might leave the fixtures in the store, and that the respondent replied that he was willing they should, as the fixtures might help him to rent the store. It is understood that this finding of evidence was to avoid the necessity of a bill of exceptions.

The learned counsel for the appellants contends that the conversation between the parties implies a license to reënter and remove the fixtures after surrender of possession. The court cannot so hold. It was a permission to leave behind, not to reënter and remove. The understanding of the parties here is essentially different from that in *Torrey v. Burnett*, *supra*, where the landlord, before surrender, agreed to sell the fixtures for the tenant after surrender. This expressly recognized the right of property in the tenant after surrender. It was held to imply a right of reëntry to remove. This court would hesitate to hold so. But here is no express recognition of a right of property in the appellants after surrender. The question and the answer found are both ambiguous. The question will well bear the construction of being founded on the convenience of the appellants to leave the fixtures behind, to save the trouble and expense of removing them. And the answer may well imply that understanding of the question. For it is difficult to understand how the fixtures could aid

the respondent in renting his store, if they were removable at the pleasure of the appellants. The answer is a mere assent to the fixtures being left, apparently for the benefit of the respondent.

It would be most dangerous to imply a right to enter upon realty and sever things attached to it, upon such vague and ambiguous language.

This view of the case renders it unnecessary to pass upon the interesting question, ably discussed in the briefs of counsel, whether, if the right to remove had remained in the appellants, they could exercise the right and sever the fixtures by replevin. As the execution of the writ, however, effectually converted the fixtures into personalty, there is no difficulty in upholding the judgment for return.

*By the Court.* — The judgment of the court below is affirmed.