Fitzgerald vs. Anderson.

FITZGERALD, Respondent, vs. ANDERSON, Appellant.

*February 3 — February 23, 1892.*

*(1–3) Landlord and tenant: Right to remove building: Evidence: Replevin.  (4) Record of action as evidence: Variance in name.*

1. The tenant of land having abandoned the premises without removing a building placed thereon by him, one who afterwards purchased the building from him cannot remove it unless, by some agreement with the owner of the land, the right of removal was preserved until after possession was given up by the tenant.

2. In replevin for such building, brought by the purchaser against the owner of the land, the tenant was asked if anything was said as to whether he had or had not the right to move the house.  He answered, "No."  To another question to the same effect he answered, "Well, it was said I should have the house just so long until he should sell the lot, he should want me to move."  "Q. Then you should move it off?  A. Yes, sir."  *Held*, that it was error to direct a verdict for the plaintiff on this evidence.

3. Where a building is personalty as between the parties, and is not actually attached to the soil, replevin will lie to recover possession of it.

4. The record of an action which appears thereby to have been brought by A. J. Anderson is not admissible to prove an action brought by N. J. Anderson.

APPEAL from the Circuit Court for *Douglas* County.

Replevin to recover a frame dwelling-house, sixteen by twenty feet in size, standing upon blocks upon appellant's land.   The house was built by one Rudd while in possession of the premises as tenant of *Anderson.*   When Rudd left the premises he sold the house to *Fitzgerald*, who sublet the house to one Eastman.   Afterwards *Fitzgerald* prepared to move the house off from appellant's land, and appellant stopped the removal, whereupon this action was brought by *Fitzgerald.*   Upon the trial a verdict for respondent was directed and rendered and from judgment entered thereon *Anderson* appeals.

For the appellant there was a brief by *Swift, Murphy &*

*Bundy,* and oral argument by *R. E. Bundy.* To the point that replevin does not lie for a fixture before severance from the realty, they cited *Knowlton v. Culver,* 2 Pin. 243; *Huebschmann v. McHenry,* 29 Wis. 655; *Northrup v. Trask,* 39 id. 515; 1 Wait's Pr. 712; 2 Wood, Landl. & T. 1266–8; Taylor, Landl. & T. (7th ed.), sec. 748.

For the respondent there was a brief by *Ross, Dwyer & Smith,* and oral argument by *W. D. Dwyer.* They argued, among other things, that if the parties saw fit to treat the building as personal property, although it might otherwise have been a fixture, the law will consider it as personal property to all intents and purposes. *Smith v. Waggoner,* 50 Wis. 155–162; *Robertson v. Corsett,* 39 Mich. 777; *Hunt v. Bay State Iron Co.* 97 Mass. 283; *Ford v. Cobb,* 20 N. Y. 349; *Smith v. Benson,* 1 Hill, 176; *Coleman v. Lewis,* 27 Pa. St. 291; *Sampson v. Graham,* 96 id. 405; *Haven v. Emery,* 33 N. H. 66; *Wells v. Banister,* 4 Mass. 514; *Curtis v. Riddle,* 7 Allen, 185; *Ashmun v. Williams,* 8 Pick. 402; *Myrick v. Bill,* 3 Dak. 284. And replevin will lie. *Wansbrough v. Maton,* 31 Eng. C. L. 217; *Hamilton v. Stewart,* 59 Ill. 330; *Waters v. Reuber,* 16 Neb. 99; *Watts v. Lehman,* 107 Pa. St. 106; 8 Am. & Eng. Ency. of Law, 64, and cases cited; Wells, Replevin, 44–45; Cobbey, Replevin, 190, 191, secs. 363–4.

WINSLOW, J. It is settled that landlord and tenant may, by their agreements, treat as personal property improvements which would otherwise be part of the realty, and thus convert them into personal property to all intents and purposes as between themselves. *Smith v. Waggoner,* 50 Wis. 155. It is also settled that the right to remove such improvements must ordinarily be exercised by the tenant while still in possession under his lease, or it will be lost. *Keogh v. Daniell,* 12 Wis. 164; *Josslyn v. McCabe,* 46 Wis. 591.

It appearing here that Rudd, the original tenant and builder of the building, abandoned the premises without removing the building, the purchaser of the building cannot recover unless by some agreement with the owner of the real estate the right of removal was preserved until after possession was given up by Rudd. The plaintiff's case must depend entirely upon the existence of such an agreement; and unless it be proven by uncontradicted testimony the verdict for the plaintiff should not have been directed. Plaintiff depends upon the following testimony of Rudd, which was not contradicted by *Anderson*, to establish this fact: "Was there anything said as to whether you had or had not the right to move the house? Answer. No." "Was there anything said between you and *Anderson* in reference to your having the right to move the house at the time? A. Well, it was that said you know; it was said I should have the house just so long until he should sell the lot, he should want me to move." "Then you should move it off? A. Yes, sir." We regard this testimony as entirely insufficient to justify the court in directing a verdict for plaintiff. It contradicts itself squarely, and counsel would be entirely justified in arguing to the jury that the first answer was true and the succeeding ones false, and was entitled to so argue. Furthermore, it is doubtful whether the last two answers, taken alone, should be construed as extending the time within which the building might be removed until after surrender of possession. This is not necessary to be decided, however, as it is plain that upon the flat contradiction in Rudd's evidence a verdict for the plaintiff should not have been directed. For this error the judgment must be reversed.

There was no error in rejecting the record of the quittenant proceedings against Eastman. That action appears by the record to have been brought by A. J. Anderson.

The defendant's name is *N. J. Anderson*. The variance is fatal.

It is objected that replevin will not lie for a building, even though as between the parties it be personalty. Such a doctrine was once maintained, but the current and weight of modern authority is that replevin may be brought; and no good reason is perceived why, if the building be to all intent and purposes personalty as between the parties to the action, and it be not actually attached to the soil, the remedies appropriate to personalty should not be used. Cobbey, Rep. § 364, and cases cited.

*By the Court.*— Judgment of the circuit court reversed, and action remanded for a new trial.