Keefe vs. Furlong.

KEEFE, Appellant, vs. FURLONG, Assignee, Respondent.

*April 13 — April 30, 1897.*

*Fixtures: Conversion into personalty: Lease.*

By a written contract the stockholders of a corporation owning a candy factory agreed to separate the business from the real estate, and in pursuance thereof the real estate was conveyed to one of them, who, at the same time, executed a lease to the others reciting that it was expressly understood and agreed by the respective parties that the machinery in the building "belongs to the said lessees absolutely, with the full privilege of removal." *Held*, that the machinery which would otherwise have been a part of the realty was thereby, as between the parties, converted into personal property, and conveyed to the lessees as such.

| 96 | 219 |
| 110 | 85 |
| 53 LRA | 606 |
| 96 | 219 |
| 111 | 302 |
| 96 | 219 |
| 117 | 657 |

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Keefe vs. Furlong.

This is an action in equity to enjoin the removal of certain machinery from a building owned by plaintiff in the city of Milwaukee, on the ground that the machinery and other articles in question are fixtures. The machinery in question consists, among other things, of certain candy furnaces and stoves, steam coils, shafting and pulleys, shelving and counters, one steam engine and two steam boilers connecting therewith; also, a water meter. The building in question had been used as a candy and cracker factory for a number of years.

The action was tried before a referee, who found the facts substantially as follows: On the 22d of July, 1890, a corporation known as the Milwaukee Cracker & Candy Company owned the brick building and premises upon which the machinery is situated, the stockholders in said company being *John C. Keefe*, Charles E. Sammond, and W. R. Stephens. On the said 22d of July said stockholders agreed in writing to separate the business from the real estate, and to convey the building to *John C. Keefe*, in consideration of his transferring his stock to the other stockholders and assuming a portion of the debts of the company. This agreement was carried out July 29th following, on which day said company deeded to *Keefe* the said real estate, and *Keefe* leased the same to Sammond and Stephens; said lease containing the following provision: "It being expressly understood and agreed by the respective parties hereto that all personal property, *and the machinery in said building, and the machinery in the cracker ovens, belongs to the said lessees absolutely, with the full privilege of removal.*"

It further appears by the findings that Sammond and Stephens transferred all the said property and their rights under the said lease to the candy company with the knowledge and consent of *Keefe;* that said candy company made a voluntary assignment of all its property to one Roddis in December, 1892, and that the inventory of said assigned

property contained all the articles in question, except certain partitions; that in January, 1893, Roddis, as assignee, sold all of said articles and machinery to one Johnston, with the knowledge of *Keefe*, and that on the 27th of February, 1893, Johnston sold the same to the Johnston-Furlong Company, together with the good will of the business; that the last-mentioned company carried on the same business on the same premises as tenant of *Keefe* until March 11, 1895, when they made a voluntary assignment to the defendant *Furlong* of all their property, including the articles in question; that said assignee took possession of all the assets, made a new arrangement with *Keefe* for the use of the real estate, and remained in possession thereof until the month of August, 1895, when he sold the machinery and other articles in question in this suit at public auction, and while he was in rightful possession of the premises.

The referee further found that none of the articles were so attached to the freehold that they could not be easily severed without material injury to the same, and that they were all, including the water meter, used and placed upon the premises for the purposes of the business carried on by the various companies.

The referee further found, as conclusion of law, that all of the articles were, as between the parties to this action, personal property, and were removable, and that the defendant, as assignee, had the right to sever and sell the same. These findings were confirmed by the court, and judgment dismissing the complaint was rendered, from which plaintiff appealed.

For the appellant there was a brief by *Keefe & Brand*, and oral argument by *John C. Keefe*.

*F. C. Eschweiler*, for the respondent.

WINSLOW, J. There is really but one question in this case, and that is whether the machinery in question was a part of

the realty, as between the parties to the action. The principle is well settled that parties may treat as personal property machinery which would otherwise be part of the realty, and thus convert it into personal property as between themselves. *Smith v. Waggoner*, 50 Wis. 155; *Fitzgerald v. Anderson*, 81 Wis. 342. It seems very clear that this is just what has been done here. By the agreement of division of property, and the lease executed by *Keefe* and Sammond and Stephens in July, 1890, all of the machinery in question was treated as personalty, and in fact conveyed as such to Sammond and Stephens. The defendant here traces title to such property directly from Sammond and Stephens. He was rightfully in possession when this action was commenced, and had a perfect right to sell and remove the articles in question.

*By the Court.*— Judgment affirmed.