PHELPS and others, Appellants, vs. AYERS, Respondent.

*March 16—April 5, 1910.*

*Landlord and tenant: Fixtures: Right of removal.*

1. If a lessee surrenders possession of the premises before removal of a fixture, without an express reservation of the right of removal, he loses all right to remove it.
2. The law implies in such a case that the lease and the use and occupation of the premises thereunder constitute a consideration compensating the lessee for the cost of adding the fixture to the land, and can afford no relief if the lessee sustains pecuniary loss by his omission to remove it.
3. An icehouse, built on leased premises by the lessee in such a way as to make it a substantial and completed structure adapted to the use of the realty, became a fixture and the lumber used therein ceased to be personalty, notwithstanding circumstances from which it might be inferred that the enterprise was of a temporary nature and was to continue only for the one season covered by the lease.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

On February 21, 1906, the defendant leased to one John McGovern certain premises in the town of Burlington, Racine county, for the period ending December 1, 1906. Within the lease was included the right to cut ice upon a millpond on the premises. The defendant reserved the right to cultivate such part of the premises as was not used by the lessee. The lease contains nothing on the subject of fixtures. The plaintiffs allege that they entered into a verbal agreement with the lessee, whereby they were to furnish lumber for a temporary structure to protect the ice which was to be harvested from the millpond, and that it was understood and agreed that the structure so to be erected was temporary in its nature. It is also claimed that the plaintiffs made an agreement between themselves for the disposition of the lumber after the ice should be removed from the icehouse, and that

by this agreement one of the plaintiffs was to purchase the interests of the others in the lumber. The plaintiffs supplied the labor and the lumber from which an icehouse was constructed upon the premises to protect the ice crop which was gathered from the pond. During the summer the ice was removed from the icehouse along a spur track which was laid to the icehouse. When the crop had all been removed this spur track was taken up. There is evidence that the ice had been all removed from the icehouse by July 1st, and that the plaintiffs had about five months within which to remove the lumber before the expiration of the lease, but no steps were taken to assert title to the lumber or to remove it until about December 20, 1906. On December 4th the defendant, as owner of the premises, nailed up some loose boards on the icehouse and placed a padlock upon the door to exclude tramps from the building. The plaintiffs claim that the building is not a fixture, but merely a chattel which they had the right to remove, and that they are entitled to damages because the defendant has refused to permit them to remove the lumber and has appropriated it to his own use. They claim that the temporary character of the building, the use to which it was devoted, the accompanying facts and circumstances of the situation showing the relation of the parties, and the nature of the transactions and the implied understanding of the parties, all indicate that the structure is a chattel.

The defendant claims that the structure is a substantial one, adapted to the use of the premises, and from its nature and purpose it became an accession to the real estate; that when the lease was signed it was understood that if the lessee wished to remove it he was to do so before the expiration of the lease; and that this understanding was evidenced by the scrivener's question to the lessee if he understood that the building must be removed during the life of the lease and by the lessee's assent thereto.

The court found that the building was a substantial structure, and held it to be a fixture and that title thereto vested in the lessor upon the expiration of the lease. Judgment was ordered dismissing the complaint. This is an appeal from the judgment.

For the appellants there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.*

For the respondent there was a brief by *Fish & Storms,* attorneys, and *Irving A. Fish,* of counsel, and oral argument by *Irving A. Fish.*

SIEBECKER, J. The court's findings of facts, supplemented by the undisputed evidence, show that the plaintiffs and the lessee of the defendant occupied the defendant's premises under a lease to conduct the business of storing and selling ice which was harvested from the millpond on the premises during the term of the lease, and for this purpose constructed the icehouse in question. It appears that the plaintiffs and the lessee, McGovern, arranged to engage in this enterprise before the execution of the lease; that the plaintiffs, pursuant thereto, undertook to furnish the lumber needed for erecting the icehouse and to defray the cost of its construction; and that it was understood between them that the title to the lumber was to remain in these plaintiffs. The facts and the accompanying circumstances of the transactions between the lessee, McGovern, and the defendant, as owner of the premises, warrant the implication that it was understood at the time of the making of the lease that these parties intended that the icehouse and the lumber therein might be removed from the premises by the lessee and the plaintiffs. No time was, however, specified in the agreement of the parties within which such removal was to be made. Under these circumstances the law limits the time for the exercise of this right to the period covered by the lease or the period after its expiration during which the lessee remains

in possession of the premises, if the structure is of a nature which makes it an accession to the real estate and thus a fixture. See the following cases: *Keogh v. Daniell,* 12 Wis. 163; *Fitzgerald v. Anderson,* 81 Wis. 341, 51 N. W. 554. There is no uncertainty in the law that if a lessee surrenders possession of the premises before removal of a fixture, without an express reservation of the right of removal, he loses all right to remove it. *Josslyn v. McCabe,* 46 Wis. 591, 1 N. W. 174; *Hart v. Hart,* 117 Wis. 639, 94 N. W. 890; *Second Nat. Bank v. O. E. Merrill Co.* 69 Wis. 501, 34 N. W. 514.

The appellants aver, however, that their right and title to the lumber in the icehouse is founded on the fact that the structure and the material composing it never became an accession to the real estate on which it was erected and that it is now personal property, and hence that the title thereto did not pass to the defendant, as owner of the real estate, at the expiration of the McGovern lease. This claim raises the inquiry whether or not the lumber in the icehouse has changed its status from that of personalty to realty. This status is determined by the accompanying facts. The evidence does not show that the parties to the lease mutually intended that this material should remain personalty. Hence we have a mental attitude of one party opposed to that of the other respecting this question, and we must therefore resort to the external and visible facts and accompanying circumstances to determine the controversy. This involves the inquiry as to whether or not the structure was actually annexed and appurtenant to the land, the inquiry as to whether or not it was appropriate to the use of the realty on which it was placed, and an inquiry into the structure of the building, its mode of annexation, and the relation and situation of the parties to the transaction. The evidence shows that the building was located and attached to the ground as icehouses usually are built, which is by resting the superstructure on

wooden sills or planks, by erecting thereon the framework, and inclosing it with boards on the sides and a shingled roof. All of the parts were properly united to make a substantial and completed structure for storing ice. As thus constructed it was appropriate for storing ice on the premises on which it was located, which appear to have been conveniently located as to proximity and accessibility to the millpond from which the ice was harvested. All of these are persuasive facts to show that the icehouse was in its nature and purpose adapted to the use of the real estate to which it was attached, and in their probative force clearly rebut any contrary inferences arising from the situation and relation of the parties. While it may be inferred from the situation that this enterprise was of a temporary nature and was to continue only for the one season covered by the written lease, this is not necessarily incompatible with the idea that this structure has characteristics of permanency, and, under the accompanying circumstances, became an accession to the realty. We are persuaded that the structure is a permanent accession to the realty and that the lumber composing it did not retain its former status of personalty.

It is urged that this conclusion operates to transfer to the defendant a large amount of property without any consideration. Such is not the legal implication of the case. Since the plaintiffs did not remove the structure while in possession of the premises under the lease, and did not by agreement with the defendant reserve a right to remove it thereafter, the law implies that in consideration of securing the lease of the premises and its use and occupation they were compensated for the expense of its erection, and that these considerations operated to compensate them for the cost of adding this fixture to the defendant's land. From any viewpoint of the conduct of the parties, the consequences of the situation which vests the right to this structure in the defendant are attributable to the voluntary acts of the plaintiffs in

·omitting to seasonably remove the building during the lessee's tenancy and in their failure to reserve the right to remove it thereafter. Under these circumstances the law is unable to afford them relief if they sustained pecuniary losses through such omissions.

*By the Court.*—Judgment affirmed.