## E. J. Fellows, Appellant, v. Frank Johnson, Appellee.

## Gen. No. 5,796.

1.  FIXTURES, §. 19*—*when tenant must remove fixtures.* In the absence of provision in lease to the contrary, tenant must remove trade fixtures before he quits possession or he is deemed to have lost and abandoned them.

2.  FIXTURES, § 19*—*effect of stipulation in lease giving tenant right to remove fixtures.* Tenant's right to remove fixtures exists only while he remains in possession in his character as tenant, though a stipulation in lease giving tenant the right to remove fixtures where no time is specified within which the removal is to be made.

3.  FIXTURES, § 19*—*when tenant not allowed a reasonable time to remove fixtures after termination of tenancy.* The rule that tenant may be allowed a reasonable time to remove fixtures after the termination of the lease in cases where the tenure of the tenant is uncertain, and may be unexpectedly determined, does not apply when tenant had reasonable time to remove them after receiving notice of the termination of the tenancy.

4.  LANDLORD AND TENANT, § 220*—*statute construed on right of tenant to remove fixtures.* Under Act of 1905 amending Landlord and Tenant Act, §. 33a, J. & A. ¶ 7073, the tenant's right to remove fixtures exists only while he remains in possession in his character as tenant.

5.  APPEAL AND ERROR, § 528*—*when proposition of law should be presented to trial court.* When no written proposition to be held as law, and no request to find specially upon any question of fact was submitted to trial court, court of review is not informed on what ground trial- court based its judgment.

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

HARRY G. HEMPSTEAD and ALDRICH & WORCESTER, for appellant.

RUSSELL & McNERNEY, for appellee.

Mr. JUSTICE CARNES delivered the opinion of the court.

Appellee, Frank Johnson, purchased a farm of one Wheeler that was in the possession of appellant, E. J. Fellows, as the tenant of Wheeler, under written lease for the term of five years beginning March 1, 1908, which lease contained the following clauses:

"It is further agreed that party of the first part reserves the right to terminate this lease on the first day of any March during the term thereof, providing first party sell the premises and give second party six months' notice in writing."

"It is further agreed that second party has the right to remove any improvements he may have put there for his own convenience and at his own expense if called upon to vacate the premises before the termination of this lease."

On the 13th of July, 1911, after the sale of the farm, Wheeler served a notice on appellant to surrender possession of the premises March 1, 1912, in accordance with the above provision of his lease. Appellant had erected at his own expense, and there was then standing on said farm, a frame addition to the barn, a shed and some other structures that were accessions to the real estate, but were within the terms of the above provisions of the lease giving appellee the right to remove, etc., and for the most part were structures that could be removed without injury to the freehold, and, we assume, removable fixtures, such as the tenant has at common law and under section 33a of our Landlord

and Tenant Act (J. & A. ¶ 7073), the right to remove during the term of his lease.

Appellant surrendered possession of said premises on or about March 1, 1912, in substantial compliance with the contract of leasing under which he was in possession and the notice to quit above mentioned. He left some articles of personal property, not here in question, on the premises for some time, but there is little if any question that the possession of appellant under his lease, as well as his right of possession, terminated the first of March, 1912, or soon thereafter and before he made any effort to remove the property in question. As we read the record, appellee took possession of the premises at that time.

After the termination of his lease and his possession under it, appellant endeavored to remove the structures so erected by him and was prevented by appellee from so doing, whereupon he brought this action of replevin to recover the same, joining a count in trover in his declaration, placing the value by his pleadings and proof at fifteen hundred dollars; the property was not taken by the officer serving the writ, and a trial was had before the court without a jury on the trover count, resulting in a judgment against appellant (the plaintiff) from which he prosecutes this appeal.

If the above provision in the lease had been absent there would be no question that the judgment is in accord with the settled principles of law that the right of a tenant to remove trade fixtures must be exercised before he quits possession, and if not so done it is deemed lost and abandoned. *Sanitary Dist. of Chicago v. Cook,* 169 Ill. 184; *Galena Iron Works Co. v. McDonald,* 160 Ill. App. 211; *Donnelly v. Thieben,* 9 Ill. App. 495. But it is insisted that the rule is different when the tenant's right to remove rests on contract and that in such cases when no time is specified the tenant has a reasonable time for removal, and *Merrell*

*v. Garver*, — Ind. —, 101 N. E. Rep. 152, decided by the Supreme Court of Indiana in March, 1913, with other cases is cited in support of that contention. In that case the Court quotes from Jones on Landlord and Tenant, sec. 719:

"While the common law right to remove trade fixtures must be exercised during the term, a similar privilege conferred by agreement is not so narrowly restricted as to the time when the removal must be effected." The author cites *Smith v. Park*, 31 Minn. 70; *Wright v. Macdonell*, 88 Tex. 140; *Davidson v. Crump Mfg. Co.*, 99 Mich. 501; *Caperton v. Stege*, 91 Ky. 351, in support of his text. These are all cases where there was a stipulation in the lease that the tenant might remove buildings, etc., "at the expiration of the term" or "at the termination of this lease" or "at the end of the term" or "on the expiration of the lease," and it was held that a reasonable construction of those clauses permitted the tenant to occupy the buildings during the entire term and then be permitted to remove them, having ingress and egress for a reasonable time thereafter for that purpose. A similar clause was so construed by our Supreme Court in *Wright v. Lattin*, 38 Ill. 293, where the right of a tenant to remove a fence placed by him on the demised premises, was reserved to him "at the expiration of the term." The stipulation in the lease under consideration here contains no words of that import. In the same text book, section 713, the author says that some sort of agreement is necessary to entitle a tenant to remove the fixtures after the end of the term, citing *Josslyn v. McCabe*, 46 Wis. 591; *Fitzgerald v. Anderson*, 81 Wis. 341; and that such agreement must be definite and established by proof. While the American authorities are quite uniform on the general rule that the tenant must remove trade fixtures during his term, or at least during his occupancy of the premises under his lease, there is some conflict in the application of the

rule; for instance, in this case of *Merrell v. Garver,*
*supra,* the Court gives a list of authorities holding
that the right to remove fixtures or improvements is
not lost by taking a new lease which does not reserve to
the tenant such right, where such fixtures were in-
stalled, or improvements made, under a former lease
given the right of removal to the tenant; and another
list of authorities holding that the right is lost by
taking a new lease not reserving to the tenant the
right of removal, and in the latter list is included *San-
itary Dist. of Chicago v. Cook,* 169 Ill. 184. In that
case our Supreme Court treated the question as a new
one in this State and recognized a conflict of authority.
That case was decided in 1897, and in 1905 our Legisla-
ture added an amendment to our Landlord and Ten-
ant Act, (section 33a) as follows:

"Subject to the right of the landlord to distrain for
rent a tenant shall have the right to remove from the
demised premises all removable fixtures erected there-
on by him during the term of his lease, or of any re-
newal thereof, or of any successive leasing of the prem-
ises while he remains in possession in his character
as tenant." (J. & A. ¶ 7073.) This amendment was
evidently added to remedy a supposed defect of the
common law rule as held by our Supreme Court result-
ing sometimes in the loss to the tenant of improve-
ments that he had put upon the demised premises and
which in equity and good conscience he should have
the right to remove; but under that act the tenant's
right exists only while he remains in possession in his
character as tenant.

The Supreme Court of Wisconsin, in *Phelps v.
Ayers,* 142 Wis. 442, held in a case in which the right
of the tenant to remove improvements rested on the
contract of the parties, and no time was specified
within which such removal was to be made, that the
law limits the time to the period covered by the lease,
or the period after its expiration during which the

lessee remains in possession of the premises, if the structure is of a nature which makes it an accession to the real estate and thus a fixture, and answered the suggestion of hardship inflicted on the tenant by saying, that it is attributable to his voluntary act in omitting to seasonably remove the building, and a failure to reserve the right to remove it after the expiration of the tenancy, and therefore the law is unable to afford relief if pecuniary losses are sustained through such omissions.

It is said in the text of 19 Cyc. 1068: ''if the tenant surrenders or abandons the premises and the landlord takes possession, it bars the tenant's right to remove the fixtures,'' and in the same section the author says the rule in the English courts followed in many American States is that the tenant's right to remove the fixtures continues during his original term and during such further period of possession by him as he holds the premises under a right still to consider himself as tenant.

Where the tenure of the tenant is uncertain and such that it may be determined unexpectedly to him, the rule requiring him to remove improvements during his possession as tenant is sometimes modified so as to allow a reasonable time for the removal of fixtures after the termination of the lease, and there are authorities under which, had appellant in this case been required to quit on so short a notice that he would not have had reasonable time to remove the improvements, the rule would not have been strictly enforced, but the contract required six months' notice of the termination of the tenancy and he in fact received over seven months' notice, therefore, no question of that kind arises.

No written proposition to be held as law, and no request to find specially upon any question of fact, was submitted to the trial court. We are therefore not informed on what ground he based his judgment for

the defendant, and even had he held the doctrine of reasonable time to remove improvements after the surrender of possession by the tenant, he might have held that appellant allowed more than a reasonable time to elapse before attempting the removal. We have not considered that question, and have not considered the question whether appellee as purchaser of the premises has superior rights. But assuming that appellee purchased with notice of the lease, and of appellant's rights thereunder, and is in no better position by reason of being a vendee and the improvements being, as between vendor and vendee, of such a character as to pass by deed of the realty, we hold that appellant by failing to remove the same during his term, or during the time he was in occupancy under the lease, lost his right to remove them. Such would have been the result had his right rested entirely on the common law or on the statutory provision before quoted. It is said by counsel that both by common law and by statute the right to remove is limited in time, while it is not so limited by this contract; but there is nothing in this contract that either expressly or by implication gives appellant any right to enter and remove the structures after the termination of his lease. They were apparently to be treated as the property of the landlord and left on the premises if he occupied his entire term of five years and his right to remove them was conditioned on the termination of his lease by six months' notice, which certainly afforded ample time for removal within the period of his rightful occupancy. Appellant's right to occupy or enter upon the premises expired with the termination of his lease and his surrender of posesssion. No Illinois case is cited, and we know of none, that would permit him to enter thereafter to remove improvements he had placed thereon. To hold that he could do so, would be-to extend by implication the term of his lease as fixed by his contract, which does not seem to us

SECOND DISTRICT—OCTOBER, 1913.     49

consistent with the policy of our law or with the proper construction of written contracts.

The judgment is affirmed.

*Affirmed.*