Hanson v. Ryan, 185 Wis. 566.

HANSON, Appellant, vs. RYAN, Respondent.

*December 13, 1924—January 13, 1925.*

*Fixtures: Intention of parties: Rule as between landlord and tenant: Portable garage rented from third person: Landlord as purchaser without notice.*

1. Where chattels are attached to the freehold a stricter rule has generally been applied in holding them to be an incident to the land as against a grantee or mortgagee than when the question arises between a landlord and a tenant; and while the liberal rule in favor of tenants has been most often applied in the case of trade fixtures and domestic and ornamental fixtures, there is no good reason to hold as a matter of law that a portable garage is a part of the realty.   p. 568.
2. Under the rule that the right to remove is principally one of the intention of the annexer, where plaintiff leased a portable garage to a tenant of the defendant without the defendant's knowledge, failure to remove it on surrender of possession at the expiration of the lease does not forfeit the right of removal.   p. 570.
3. While plaintiff, who leased the garage to the tenant of the defendant, ran the risk that it might become embodied in the realty so that it could not be removed without damage to the premises, the defendant landlord is not a purchaser for value and without notice, and plaintiff is entitled to remove the garage.   p. 571.
[4. Whether garages as ordinarily constructed are fixtures belonging to the realty, is not decided.]   p. 571.

APPEAL from an order of the superior court of Dane county: AUGUST C. HOPPMANN, Judge. *Reversed.*

For the appellant there was a brief by *F. K. Shuttleworth* and *F. D. Shuttleworth,* both of Madison, and oral argument by *F. K. Shuttleworth.*

For the respondent there was a brief by *Olbrich, Brown & Siebecker* of Madison, and oral argument by *Michael B. Olbrich.*

JONES, J.   It was alleged in the complaint that the plaintiff was the owner and entitled to the immediate possession of personal property described as "one portable, movable, and collapsible garage made of wood, valued at two hundred ($200) dollars;" that he was in the business of renting such garages to customers; that in October, 1917, for an agreed amount per month, he had rented to D. W. Case, tenant of the defendant, one of these garages having no floor, and placed it upon the premises occupied by the said tenant in the city of Madison, which were then owned by the defendant; that the tenant moved from the premises during the latter part of December, 1917; that on receiving notice from the tenant to come and get the garage in question on or about the 20th of December, 1917, he found that the defendant had obtained a judgment against the tenant for unpaid rent and had execution issued thereon, but that the garage was not sold under the execution but was held by the defendant and privately sold separate and apart from the premises.   Then follow allegations of demand for the delivery of the possession of the garage and refusal and wrongful conversion, with a demand for judgment.   There was filed a general demurrer which was sustained.

Undoubtedly the garage in question was personal property before it was placed on the land of the defendant.   One of the questions presented is whether, on the facts stated in the complaint, it became such an appurtenance of the freehold that it could not be severed without violation of the rights of the defendant.   It is not a question arising between a grantor and a grantee, but one in which the rights of a

làndlord and a third person are to be considered. When chattels are attached to the freehold a stricter rule has generally been applied in holding them to be an incident of the land as against a grantor or mortgagee than when the same arises between a landlord and a tenant. The courts seem to have adopted the view that tenants should not be discouraged from making improvements for their own use temporarily by forfeiting their right to remove articles when such removal causes no injury to the land. Many illustrations might be given in which it has been held that articles annexed to a building or the land by a tenant remain personal property as between him and the landlord, even though a different rule might obtain as between grantor and grantee. Nor is the rule necessarily different where machinery or other articles have been affixed to the freehold, provided their removal would leave the premises in as good condition as they were originally. 11 Ruling Case Law, 1076; 2 Tiffany, Landl. & T. § 240; 1 McAdam, Landl. & T. § 218; *O'Donnell v. Hitchcock,* 118 Mass. 401; *Baringer v. Evenson,* 127 Wis. 36, 106 N. W. 801. A general rule is thus stated in McAdam on Landlord and Tenant on page 801: "In general it may be said that what a tenant has added he may remove, if he can do so without material injury to the premises, unless he has actually built it in, so as to make it an integral part of what was there originally." This liberal rule in favor of tenants has been most often applied in the case of trade fixtures and domestic and ornamental fixtures, but there seems no good reason why it should be so strictly confined to those classes as to work serious injustice. Perhaps since the automobile has now become so necessary to domestic and family comfort and convenience, there is no good reason for holding as a matter of law that a portable cover for an automobile is part of the realty, while a different rule is applied to so many of the articles which are held removable from a house or barn or place of business. For illustrations of the liberal rule extended to tenants, see

1 McAdam, Landl. & T. § 218, and Tiffany, Landl. & T. § 240, *b*.

In *Taylor v. Collins,* 51 Wis. 123, 8 N. W. 22, Mr. Justice ORTON laid down the following rules or tests for the determination of whether articles of machinery are fixtures: "first, actual physical annexation to the realty; second, application or adaptation to the use or purpose to which the realty is devoted; third, an intention on the part of the person making the annexation to make a permanent accession to the freehold." In this opinion it was also stated: "This matter of intention is coming to be the main test in such cases, and the matter of physical annexation of comparatively little importance." This case has often been referred to and approved in subsequent decisions in which it has been held that the intention of the party making the annexation is the principal consideration. *Walker v. Grand Rapids F. M. Co.* 70 Wis. 92, 35 N. W. 332; *Rinzel v. Stumpf,* 116 Wis. 287, 93 N. W. 36; *E. M. Fish Co. v. Young,* 127 Wis. 149, 106 N. W. 795. In holding that the intention of the annexer is a very important element in the determination of whether personal property placed on real estate is removable or not, these cases are in harmony with the rule as declared in other courts.

According to the allegations of the complaint, it is very clear that both the plaintiff and the tenant intended that the garage might be removed. The intention of the landlord does not appear. He may have had no knowledge that the garage had been placed on his land. It is insisted by his counsel that we must assume from the averments in the complaint that the garage was a fixture because it was personal property capable of physical annexation to the realty and adapted to the use for which it was devoted; and that by failing to remove the property at or before the expiration of the term the tenant conclusively supplied the intention to make it a permanent accession to the freehold. In the opinion of Mr. Justice WINSLOW in the case of *Fitz-*

*gerald v. Anderson,* 81 Wis. 341, 51 N. W. 554, it was said: "It is settled that landlord and tenant may, by their agreements, treat as personal property improvements which would otherwise be part of the realty, and thus convert them into personal property to all intents and purposes as between themselves. . . . It is also settled that the right to remove such improvements must ordinarily be exercised by the tenant while still in possession under his lease, or it will be lost." In other cases cited by counsel this general rule as to the time of removal has been frequently declared. *Keogh v. Daniell,* 12 Wis. 163; *Josslyn v. McCabe,* 46 Wis. 591, 1 N. W. 174; *Second Nat. Bank v. O. E. Merrill Co.* 69 Wis. 501, 34 N. W. 514; *Platto v. Gettelman,* 85 Wis. 105, 55 N. W. 167; *Keefe v. Furlong,* 96 Wis. 219, 70 N. W. 1110; *Mueller v. C., M. & St. P. R. Co.* 111 Wis. 300, 87 N. W. 239; *Phelps v. Ayers,* 142 Wis. 442, 125 N. W. 919; *State ex rel. Hansen S. Co. v. Bodden,* 166 Wis. 219, 164 N. W. 1009. In some of these cases the time before which the removal should be made is fixed as the termination of the lease. Perhaps it may be assumed from the allegations in the complaint in this case that the lease had expired as well as that possession had been surrendered. We do not think it follows from these decisions that by failing to so remove property which is purely personal, and which no one before the action was brought regarded as belonging to the freehold, the tenant forfeited his right to remove it.

In an early case which has been often cited and which reviewed the English cases on the subject, Mr. Chief Justice Spencer held that under the facts a cider mill and press erected on the premises by a tenant was personal property and that leaving the property there after the term worked no change and that it might be removed. *Holmes v. Tremper,* 20 Johns. (N. Y.) 29; *Standard Oil Co. v. Dolgin,* 95 Vt. 414, 115 Atl. 235. In discussing this subject it is said in Tyler on Fixtures on page 454:

"It need not be stated that the doctrine of the authorities,

upon the point under consideration, cannot apply to cases where, from the construction of the property in dispute and its connection with the realty, it is not regarded a fixture at all, but is considered in law to remain a mere chattel. The tenant does not lose his property in his chattels by neglecting to remove them from the demised premises within the time limited in case of tenant's fixtures. Such property, though left upon the premises after the expiration of the term, may be reclaimed by the tenant or recovered from the landlord by action."

In renting the garage the plaintiff ran the risk that it might be so embodied in the realty as to cause some damage to the property of the landlord if removed. His relation to the tenant was somewhat analogous to that of the vendor in a conditional sale where it is the intention that the chattels sold shall remain personal property. Under the pleadings before us the defendant can make no claim that he was a purchaser for value without notice. In such a situation, where the purchaser has notice, the rights of the vendor have often been held to take precedence over those of the owner of the realty in order that the real intention of the vendor might be carried out. *Walker v. Grand Rapids F. M. Co.* 70 Wis. 92, 35 N. W. 332; *Wolf Co. v. Kutch,* 147 Wis. 209, 132 N. W. 981; *Jeffrey Mfg. Co. v. Mound Coal Co.* 215 Fed. 222.

We are not called on to decide whether garages, as ordinarily constructed, are fixtures belonging to the realty. We only decide that on the allegations of this complaint as between the parties concerned, the garage remained personal property and that the right of the plaintiff to remove it was not lost or abandoned.

*By the Court.*—The order of the superior court sustaining the demurrer is reversed, and the cause is remanded for further proceedings according to law.