Platto vs. Gettelman.

<hr />

PLATTO, Appellant, vs. GETTELMAN, Respondent.

*April 13 — May 2, 1893.*

*Landlord and tenant: Removal of buildings: Estoppel.*

By the terms of a lease of unimproved land the lessee mortgaged "all buildings erected or placed on said premises" to the lessor to secure the rent. The lease was renewable. The lessee erected buildings capable of being removed without injury to the freehold, and afterwards assigned his lease to one G., with the consent of the lessor, at whose request the chattel mortgage clause was continued by the assignment. Subsequently the lessor made his affidavit to renew the chattel mortgage on the buildings, and later, after the lessee had sold the buildings to G., renewed the lease to G. *Held*, that the lessor was estopped to claim the buildings as his own and could not restrain their removal by G. during the term.

APPEAL from the Superior Court of *Milwaukee* County. Action to restrain the removal of certain buildings from

premises owned by the plaintiff and leased to the defendant. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant.

*M. N. Lando,* for the appellant, contended, *inter alia,* that Martin and wife, by excepting the improvements from their assignment and vacating the premises, surrendered the same, which thereby became a part of the realty. *Bailey v. Wells,* 8 Wis. 141; Wood, Landl. & T. secs. 498, 504; 1 Parsons, Cont. (6th ed.), 537; *Levering v. Langley,* 8 Minn. 107; Taylor, Landl. & T. secs. 514, 515; *Kneeland v. Schmidt,* 78 Wis. 345; *Second Nat. Bank v. O. E. Merrill Co.* 69 id. 512; *Josslyn v. McCabe,* 46 id. 591; *Keogh v. Daniels,* 12 id. 164; *Gaffield v. Hapgood,* 17 Pick. 192; *Winslow v. Merchants' Ins. Co.* 4 Met. 310, 311; *First Parish v. Jones,* 8 Cush. 190; *Bliss v. Whitney,* 9 Allen, 114, 115; *Torrey v. Burnett,* 38 N. J. Law, 457; *Stokoe v. Upton,* 40 Mich. 581; *Stockwell v. Marks,* 17 Me. 460; *White v. Arndt,* 1 Whart. (Pa.), 91, 94; *Heffner v. Lewis,* 73 Pa. St. 302; *Beers v. St. John,* 16 Conn. 322, 330; *State v. Elliot,* 11 N. H. 543; *Preston v. Briggs,* 16 Vt. 124, 129; *Griffin v. Ransdell,* 71 Ind. 440, 443; *Fitzgerald v. Anderson,* 81 Wis. 341. If a tenant accepts a new lease including the buildings without reservation or claim to remove the buildings, and enters upon a new term thereunder, the right of removal is lost. *Loughran v. Ross,* 45 N. Y. 792; Ewell, Fixtures, 142, 143, note on 144, 172, 177; 1 Washburn, Real Prop. 20; Taylor, Landl. & T. sec. 552; Tyler, Eject. & Adv. Enj. 320, 321; Phillips, Mechanics' Liens, sec. 193; *Watriss v. Cambridge Bank,* 124 Mass. 571; *McIver v. Estabrook,* 134 id. 550; *Jungerman v. Bovee,* 19 Cal. 355; *Betts v. Wurth,* 32 N. J. Eq. 82; *Dingley v. Buffum,* 57 Me. 381; *Huebschmann v. McHenry,* 29 Wis. 655; *Shepard v. Spaulding,* 4 Met. 416, 418. The fact that the buildings are resting upon the ground and upon posts and that no injury will result to the premises, does not change the

Platto vs. Gettelman.

rule. *Huebschmann v. McHenry*, 29 Wis. 655, 661; *Lipsky v. Borgmann*, 52 id. 256, 261; *Kimball v. Darling*, 32 id. 675; *Jenkins v. McCurdy*, 48 id. 628; *Taylor v. Collins*, 51 id. 123; *Kimball v. Adams*, 52 id. 555, 556.

For the respondent there was a brief by *Fiebing & Killilea*, and oral argument by *H. J. Killilea*. They argued, among other things, that whether an article becomes a permanent accession to the realty or not depends upon the intention of the party making the annexation. Ewell, Fixtures, 22; *McDonald v. Shepard*, 25 Kan. 112; *Eaves v. Estes*, 10 id. 314; *Hinkley & E. I. Co. v. Black*, 70 Me. 473; *Morris v. French*, 106 Mass. 326; *Yater v. Mullen*, 24 Ind. 277; *Ottumwa W. M. Co. v. Hawley*, 44 Iowa, 57; *Mayo v. Newhoff*, 47 N. J. Eq. 31; *Vail v. Weaver*, 132 Pa. St. 363; *Hill v. Sewald*, 53 id. 271; *Seeger v. Pettit*, 77 id. 437; *Morris' App.* 88 id. 368; *Handforth v. Jackson*, 150 Mass. 149. The fact that a chattel mortgage is given is strong evidence of the intention of the parties to treat the property as personalty and not as a part of the realty. *Binkley v. Forkner*, 117 Ind. 176; *Carpenter v. Allen*, 150 Mass. 281; *Taylor v. Watkins*, 62 Ind. 511; *Yater v. Mullen*, 24 id. 277; *Eaves v. Estes*, 10 Kan. 314; *Sisson v. Hibbard*, 10 Hun, 420; *Ford v. Cobb*, 20 N. Y. 344; *Tifft v. Horton*, 53 id. 377; *Campbell v. Roddy*, 44 N. J. Eq. 244; *Henkle v. Dillon*, 15 Oreg. 610. A tenant may remove fixtures which he has put on leased premises at any time during his lease, or while he continues as tenant. *Second Nat. Bank v. O. E. Merrill Co.* 69 Wis. 509; *Keogh v. Daniels*, 12 id. 163; Taylor, Landl. & T. (7th ed.), 486, note 1; *Kerr v. Kingsbury*, 39 Mich. 150; 33 Am. Rep. 362; *Clarke v. Howland*, 85 N. Y. 204; 8 Am. & Eng. Ency. of Law, 49.

ORTON, J. One Robert Martin and wife, August 10, 1880, leased of the plaintiff a part of a certain lot in the city of Milwaukee, which was unimproved ground, for the term of

five years from September 1, 1880.   There was a mortgage clause in said lease, whereby the said Martin and wife mortgaged " all buildings erected or placed upon said premises," together with other personal property, to secure the rent.   The said lessees erected on said ground a light two-story wooden building, woodshed, and appurtenances for their business of a saloon, and so erected as to be subject to removal without injury to the freehold.   The lease was renewable at the end of the term for another five years, but at an increased rent.   On October 12, 1882, the said lessees assigned said lease to the defendant with the consent of the plaintiff as lessor, and by his request said chattel mortgage clause on the improvements was continued by said assignment.   On May 3, 1883, the plaintiff made his affidavit to renew said chattel mortgage on the files of the clerk.   The said original lessees first mortgaged the said buildings to the defendant to secure $1,000 on June 15, 1883, and afterwards sold and conveyed their interest in the said improvements to the defendant.   Before the assigned lease of the defendant expired the plaintiff renewed the same with increased rents for another three years, with the option for two years more.   Before this lease expired the plaintiff brought this suit to restrain the defendant from removing said building from said premises. The said plaintiff filled out and wrote all the leases and renewals himself.

These are the material facts of this case, and the superior court very properly found that the said buildings were the property of the defendant, and that the plaintiff had never purchased the same and has no interest in them, and that the defendant has the right to remove them during his term, and vacated the injunction and dismissed the complaint, with damages and costs.   The plaintiff appears to have expected that the lessees, Martin and wife, would construct on the lot temporary buildings for his trade and

occupation, that he would have the right to sell or remove; and he recognized their right to do so by taking a mortgage thereon with their furniture as collateral security for his rent. He renewed the mortgage and continued it after the defendant had bought and owned the buildings. There could not be stronger estoppel against his right to now claim them. It is estoppel on estoppel, thrice repeated. The plaintiff not only has no equity on which to restrain the defendant from removing the buildings, but he has not the semblance of any legal right to them.

*By the Court.*— The judgment of the superior court is affirmed.