State ex rel. Hansen S. Co. v. Bodden, 166 Wis. 219.

STATE EX REL. HANSEN STORAGE COMPANY, Respondent, vs.
BODDEN, Tax Commissioner, Appellant.

*October 23—November 13, 1917.*

*Taxation: Real or personal property? Building on leased land: Right
of removal by lessee: Statutes construed.*

1. Although a lease did not in terms authorize the lessee to remove,
   at the end of the term, any building erected on the premises,
   yet, in the absence of any stipulation to the contrary, he had the
   right to remove, either before or at the expiration of the term,
   a building erected by him for a temporary purpose—in this case
   a storage warehouse, built on railway land, which had a foun-
   dation and cost $20,000,—although it could be removed only by
   tearing it down or wrecking it, provided he left the premises in
   as good condition as when he received them.

2. A building erected upon leased premises for a temporary purpose,
   the lessee having the right to remove the same at the end of
   the term, does not "appertain" to the land upon which it stands,
   within the meaning of sec. 1035, Stats., and should be assessed
   for taxation, not as "real property" under that section, but as
   "personal property". under sec. 1036.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Affirmed.*

The plaintiff corporation was engaged in the business of
storing merchandise in the city of Milwaukee. It was in
need of additional warehouse room, and on May 11, 1914,
leased from the Chicago & Northwestern'Railway Company
a tract of land for a period of five years. The lease was in
the usual form used by railway companies for leasing parts
of its right of way and provided that the lessees should pay
a rental of $500 per annum and all taxes and assessments or
other charges that might legally be levied or assessed on the
improvements, "that said leased premises shall be used and
occupied exclusively as a site for a warehouse, wherein shall
be handled only such articles appropriate to the indicated
kind of business," and that "first party [the railway com-

pany] may terminate this lease by giving thirty days' notice of its intention so to do," and that upon the expiration of thirty days after such service of said notice "this lease and all rights thereunder shall thereupon terminate . . . and the lessee shall without any further notice or demand deliver possession of said premises to the lessor at the expiration of said thirty days, and shall before the expiration of ten days after such termination of said lease remove all buildings and property placed upon said premises which it may desire and have the right to remove. If it shall fail to so remove such buildings and property, its right to do so shall cease and title thereto shall be forfeited and the same shall belong to the lessor."

It appeared from the testimony taken before the board of review and attached to the return that the respondent erected upon the leased premises a building which covered the ground described in the lease. There is nothing in the record to show what kind of a building was erected, except that it appears to have had a foundation, but the foundation is not described. The initial cost of the building was approximately $20,000. There is no provision in the lease giving the lessee the right to remove any building excepting that hereinbefore set out. The assessor for the year 1916 assessed the land at $10,000 and the building at $18,000. The building was assessed in the year 1915 as personal property. The only evidence as to the value of the building was that given by Mr. Hansen and the assessor. The latter testified: "As a building, apart from this twenty per cent. depreciation on account of the terms of the lease, my opinion is that the building is of the value I have assessed it, $18,000."

The contention of the respondent was that under the terms of the lease at the end of the five years the building would have to be removed and would be worthless for purposes of removal, and that therefore the company was entitled to a

State ex rel. Hansen S. Co. v. Bodden, 166 Wis. 219.

twenty per cent. depreciation for each year during the period of the lease and that the building should be assessed as personal property and not as real estate. The board of review sustained the assessment and this proceeding was brought to review its determination. The circuit court held that the building should have been assessed as personal property, and for that reason set the assessment aside and did not pass upon the other claim of the respondent. Other facts are stated in the opinion.

For the appellant there was a brief by *Clifton Williams,* city attorney, and *Garfield S. Canright,* assistant city attorney, and oral argument by *Mr. Canright.*

For the respondent there was a brief by *Rix & Barney,* and oral argument by *D. A. Sondel* and *Carl B. Rix,* all of Milwaukee.

ROSENBERRY, J. The lease contains no provision as to the right of the lessee at the end of the term to remove any building or buildings which it may erect upon the premises for warehouse purposes. The clause referred to, by which the lessee is given the right to remove the buildings after "such termination" within a period of ten days, refers to the termination of the lease by thirty days' notice in writing and makes no provision as to removal of any building or buildings at the end of the term. Therefore the first question that arises is, Has a tenant, under the circumstances shown in this case, the right at the expiration of the term to remove a building erected upon the leased premises for use as a warehouse? In the absence of express stipulation to the contrary the general rule is that improvements made by a tenant on demised premises in furtherance of the purposes of the lease may be removed by him before or at the expiration of the term, provided he leaves the premises in as good condition as he received them. 24 Cyc. 1101; *Plallo v. Gettelman,* 85

Wis. 105, 55 N. W. 167; *Keogh v. Daniell,* 12 Wis. 163, and *Higginbotham v. Phillips,* 192 Mich. 49, 158 N. W. 130.

By the terms of the lease in question the lessee is required to leave the premises in as good condition as when it entered upon them, and under the circumstances in this case we think it clearly had a right to remove the building in question, although it could be removed only by tearing it down or wrecking it.

Appellant contends that the building should be assessed as real property by virtue of the following provisions of the Wisconsin Statutes:

"Section 1035. The terms 'real property,' 'real estate' and 'land,' when used in this title, shall include not only the land itself, but all buildings, fixtures, improvements, rights and privileges appertaining thereto.

"Section 1036. The term 'personal property,' as used in this title, shall be construed to mean and include . . . buildings upon leased lands, if such buildings have not been included in the assessment of the land on which they are erected, . . ."

Does the building erected by respondent upon the leased premises appertain to the leased premises? We think it clearly does not. "Appertain" means to belong to, and in the sense in which it is used in this statute means to belong to the land upon which it stands so as to be a part of the land in a legal sense. A building erected upon leased premises for a temporary purpose, the lessee having the right to remove the same at the end of the term, does not appertain to the land upon which it stands, within the meaning of sec. 1035.

*By the Court.*—Judgment affirmed.