TOWN OF MENOMINEE, Respondent, v. SKUBITZ, Appellant.*

*No. 218. Argued November 30, 1971.—Decided January 4, 1972.* (Also reported in 192 N. W. 2d 887.)

---

[17] *Lock v. State* (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183.
* Motion for rehearing denied, with costs, on February 29, 1972.

432

For the appellant there was a brief and oral argument by *John M. Wiley* of Madison.

For the respondent there was a brief and oral argument by *Douglas D. Winter,* attorney, and *Frederic C. Eberlein* of counsel, both of Shawano.

HANLEY, J. The sole issue presented is whether the trial court erred in holding that sec. 70.17, Stats., permits the assessment of personal property taxes on improvements owned by appellant and located on land owned by another, where no formal lease exists.

Appellant's first contention is that the improvements should be assessed as part of the real estate and taxed to Menominee Enterprises, Inc. Appellant points out that sec. 70.03, Stats., defines real estate as follows:

"**Definition real property.** The terms 'real property,' 'real estate' and 'land,' when used in this title, shall include not only the land itself but all buildings and improvements thereon, and all fixtures and rights and privileges appertaining thereto."

"Personal property" is defined in sec. 70.04, Stats., as generally including all property "having any real or marketable value, and not included in the term 'real property,' as above defined." Since buildings and improvements on the land are within the general definition of real property under sec. 70.03, appellant contends it was error to assess the improvements apart from the realty. We do not agree. As stated in *Martineau v. State Conservation Comm.* (1970), 46 Wis. 2d 443, 449, 175 N. W. 2d 206:

"It is a cardinal rule of statutory construction that when a general and a specific statute relate to the same subject matter, the specific statute controls and this is especially true when the specific statute is enacted after the enactment of the general statute. . . ."

The last sentence of sec. 70.17 (1), Stats., states that "[i]mprovements on leased lands may be assessed either as real property or personal property." This creates an exception to the general definition of real estate contained in sec. 70.03, and should control the assessment of improvements on leased land.

Appellant next contends that the trial court erred in finding the existence of a constructive lease arrangement between appellant and Menominee Enterprises, Inc. The basis for this finding of the trial court was that Menominee Enterprises, Inc., was, in effect, charging rent for the land occupied by appellant by withholding the interest on the bonds issued by Menominee Enterprises, Inc., to appellant and other members of the Menominee tribe. Since appellant had never commenced legal proceedings to recover the interest, the trial court concluded that she had acquiesced in the withholding of the amount. Whether or not Menominee Enterprises, Inc., was justified in withholding the interest payments as an "instant garnishment" measure is not questioned on this appeal and need not be considered. However, appellant insists that at no time did she consent to a lease arrangement. During oral argument, her counsel described her as either a "squatter" or an adverse possessor.

The record supports appellant's contention that she may not be considered a constructive lessee. A lease is a contract. As such, there must be agreement between the parties thereto. In a formal lease arrangement, of course, there is no difficulty in discovering the intent to become bound to the terms of a lease. In the area of im-

plied leases, however, there must be a showing of circumstances which permits the inference that the parties did intend to assume a lessor-lessee relationship toward each other. As stated in 51C C. J. S., *Landlord & Tenant*, p. 43, sec. 9:

". . . [T]he relation of landlord and tenant will not ordinarily be implied if there is no tenancy in contemplation between the parties, and the law will not imply a contract contrary to the intention of the parties. . . ."

Appellant had a recognized right to occupy the lands while they were a part of a federal reservation. That right was recognized by Menominee Enterprises, Inc., under the plan of termination. Therefore, the mere fact of occupancy cannot give rise to an inference of intention to form a lessor-lessee relationship. In addition, it appears that Menominee Enterprises, Inc., had offered appellant the opportunity to execute a lease a number of times; appellant refused each time. When the bond interest was withheld as part payment of the land use fee, appellant objected. Clearly, the appellant never intended to enter into a lessor-lessee relationship. We think the record also supports the conclusion that Menominee Enterprises, Inc., did not intend such a relationship to exist either, but rather viewed nonleasing occupants as tenants at will or by sufferance. The minutes of the Menominee Enterprises, Inc., board of directors' meeting held on January 12, 1962, read as follows:

". . . All rights to possession of such land, not deeded or leased according to the articles and by-laws of Menominee Enterprises, Inc., before May 1, 1962, shall cease and such occupants shall have only a right of tenants-at-will or sufferance. Such tenants shall have the right for 90 days thereafter to remove or sell personal property or other improvements on such land. Thereafter, such property may be treated as abandoned and shall inure to Menominee Enterprises, Inc."

We fail to see an implied lease existing between the parties involved.

This conclusion, however, does not necessarily mean that sec. 70.17, Stats., cannot be utilized by the town when assessing taxes. Although that statute refers to improvements on "leased land," it does not appear that the legislature intended to confine itself to situations in which a formal lease existed or could be implied.

This court has often held that the meaning of some words in a statute may be enlarged or restricted in order to harmonize them with the legislative intent of the entire statute. *State ex rel. Neelen v. Lucas* (1964), 24 Wis. 2d 262, 268, 128 N. W. 2d 425; *Mutual Federal Savings & Loan Asso. v. Savings & Loan Advisory Comm.* (1968), 38 Wis. 2d 381, 387, 157 N. W. 2d 609. It is the spirit or intention of the statute which should govern over the literal meaning of the language used. *State ex rel. Jackson v. Leicht* (1939), 231 Wis. 178, 183, 285 N. W. 335. The object to be accomplished by the statute must be given great weight in determining the legislative intent. *Loof v. Rural Mut. Casualty Ins. Co.* (1961), 14 Wis. 2d 512, 516, 111 N. W. 2d 583. These principles were plainly illustrated in *State v. Jelco* (1957), 1 Wis. 2d 630, 85 N. W. 2d 487, 86 N. W. 2d 428, in which this court held that the word "owned" could be used to designate a great variety of interests in property and did not have to be restricted to absolute ownership.

We think the same reasoning should be applied to the word "leased" as contained in sec. 70.17, Stats.

The frequent amendments to the definition sections of what is presently ch. 70, Stats., demonstrate the legislature's uncertainty as to the tax treatment to be accorded to buildings and other improvements placed on land owned by one other than the occupier. At one time, they were included in the statutory definition of personal property. *See:* Sec. 1036, Stats. 1915. They were later classified as real property through the enactment of ch. 244, Laws of 1919. In 1933, by virtue of ch. 349, sec. 2 and ch. 444, they were removed from the real property

definition, and allowance was made for assessing them as either realty or personalty. The reason for this varied treatment is obvious. In most cases, a landlord leases land and building together, retaining ownership and substantial control over improvements. There is certainly no reason to assess the improvements against the lessee in such a case. However, occasionally, the land alone is leased for a long term, and the tenant erects improvements thereon, reserving the right to remove the improvements at the end of the lease term. In that case, there is little or no justification in taxing the lessor for the improvements as part of his real estate. In *State ex rel. Hansen Storage Co. v. Bodden* (1917), 166 Wis. 219, 164 N. W. 1009, this court held that a building erected by respondent on property leased from a railroad should not be assessed as real estate, since it was built for a temporary purpose and since the lessee had the right to remove it at the end of the term of the lease.

Although most of the situations in which confusion might arise in such circumstances would involve leased premises, it is apparent that other relationships could cause difficulties in determining the proper tax treatment to be applied to a given building or improvement. There is as little reason to assess taxes against the owner of real estate for improvements placed thereon by a tenant at will or by sufferance as there is to tax a lessor for temporary improvements erected by the lessee. It is evident that the legislature intended to define the treatment to be given to certain property situated on the land of another and did not mean to limit the relationship of the occupier of the land and the owner of the real estate to that of lessor-lessee. We conclude, therefore, that the term "leased lands" contained in sec. 70.17, Stats., should be construed broadly enough to encompass a multitude of situations in which the occupier of lands

not owned by him places improvements on those lands. Such an interpretation applies to the facts of the instant case.

Appellant finally contends that sec. 70.17, Stats., violates art. VIII, sec. 1, Wis. Const., which states that "The rule of taxation shall be uniform . . . ." Nonuniformity is alleged to exist in two respects: First, under sec. 70.32 (1) real property is to be assessed "at the full value which could ordinarily be obtained therefor at private sale," while personal property is assessed at a different standard—that of "true cash value," as provided in sec. 70.34. Second, appellant notes that sec. 70.17 permits some improvements on leased land to be assessed as real property while others are considered personalty.

Similar contentions were raised and answered in *State ex rel. Baker Mfg. Co. v. Evansville* (1952), 261 Wis. 599, 53 N. W. 2d 795. In that case this court noted the different methods of valuing personal and real property and construed them as producing identical results. This view was also expressed in *Chicago & N. W. Ry. Co. v. State* (1906), 128 Wis. 553, 108 N. W. 557, in which this court stated at page 614:

". . . Absolute uniformity in every detail in the assessment of property is impracticable, if not unattainable. It is sufficient to satisfy the constitution, in the case of the assessment of real and personal property, that the law provides for the valuation of real property at its full value, and, though a different method and time are provided for valuing personal property, the difference is immaterial since the law requires that to also be appraised at its full value."

It is clear, therefore, that the "uniformity rule" is not violated merely because the valuation statutes contain different terminology to describe substantially the same method of valuation.

The appellant's second contention has no merit. The question is not whether property is classed as personalty or realty, but whether the tax imposed on the value of each different kind of property is uniform. As stated in the *Baker Case,* at page 609:

". . . The methods of determining true, current value necessarily differ in the absence of significant sales, but when once the true value is arrived at, each dollar's worth of one sort of property is liable for exactly the same tax as a dollar's worth of any other sort of property, and to assess real property at a different fraction of the value than personalty is error. . . ."

Since it is not contended that the town of Menominee has used different fractions in assessing improvements classed as personal property under sec. 70.17, Stats., and those classed as real estate, the taxes imposed adhere to the constitutional requirement of uniformity.

We conclude that the trial court did not err in holding that sec. 70.17, Stats., permits the assessment of personal property taxes on improvements owned by appellant and located on lands owned by Menominee Enterprises, Inc. We also conclude that sec. 70.17 does not violate art. VIII, sec. 1, Wis. Const.

*By the Court.*—Judgment affirmed.