KRAEMER BROS., INC., Appellant,

v.

PULASKI STATE BANK, Plaintiff-Respondent,

WESLOW & SONS, INC., Defendant. †

Court of Appeals

*No. 85-0260. Submitted on briefs December 3, 1985.—
Decided March 11, 1986.*

(Also reported in 387 N.W.2d 94.)

† Petition to review granted.

For the appellant there were briefs by *James A. Jaeger* and *Melli, Walker, Pease & Ruhly, S.C.,* of Madison.

For the respondent there was a brief by *F. Scott Wochos, Randolph M. Perkins* and *Egan & Laird, The Green Bay Office of Godfrey & Kahn, S.C.,* of Green Bay.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   Kraemer Brothers, Inc., appeals an order declaring that funds in the account of Weslow and Sons, Inc., at the Pulaski State Bank were not a

trust fund for the benefit of Weslow's subcontractors and material suppliers. Kraemer contends that the funds constitute a trust fund by virtue of sec. 779.02(5), Stats. We conclude that the funds in dispute are held in trust pursuant to sec. 779.02(5), and we therefore reverse.

The facts are undisputed and have been stipulated to by the parties. Kraemer is a general contractor and Weslow is a mechanical, plumbing, heating, and air conditioning contractor. In January, 1983, Weslow entered into a general line of credit agreement with Pulaksi State Bank. The collateral used to secure the line of credit included some of Weslow's bank accounts.

The Jackson County Bank hired Kraemer to make improvements on certain real estate. Kraemer subcontracted with Weslow to complete some of the improvements. Weslow in turn subcontracted with several other subcontractors and material and labor suppliers to perform portions of Weslow's subcontract with Kraemer.

On December 7, 1983, Weslow submitted its first application for payment to Kraemer in the amount of $1,665. This amount represented the total of Weslow's application combined with the applications of Weslow's subcontractors and suppliers. Kraemer submitted the single application to the Jackson Bank, then payment was made from the bank to Kraemer, and from Kraemer to Weslow. Weslow, in turn, paid its subcontractors and suppliers.

On December 31, 1983, Weslow submitted another combined application to Kraemer in the amount of $26,018. The Jackson Bank paid this amount to Kraemer, who then paid Weslow. Weslow deposited the

check from Kraemer into its account at Pulaksi State Bank, but did not pay its subcontractors and suppliers.

On January 27, 1984, Pulaski State Bank filed an action to appoint a receiver for Weslow pursuant to ch. 128, Stats. A receiver was appointed, and Kraemer notified the receiver that the proceeds of the $26,018 check remaining in Weslow's account were trust funds pursuant to sec. 779.02(5). The parties agree that $18,377.43 now in Weslow's account is directly traceable to the payment from Kraemer to Weslow. Weslow's suppliers and subcontractors who joined in the December 31 combined application for payment remain unpaid.

Kraemer requested that the Pulaski State Bank pay it $18,337.43 for distribution to Weslow's suppliers and subcontractors. When the bank refused, Kraemer asked the trial court to declare the money as trust funds. The trial court denied Kraemer's motion, reasoning that sec. 779.02(5) requires a direct payment from the owner to the subcontractor before trust fund status attaches.

■■■ The interpretation of a statute is a question of law that we review without deference to the trial court's reasoning. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). In construing a statute, we will not resort to judicial rules of interpretation and construction unless the language of the statute itself is ambiguous. *Id.* A statute is ambiguous when it is capable of being construed in two different ways by reasonably well-informed persons. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981).

Section 779.02(5) provides in pertinent part:

(5) Theft by Contractors. . . . all moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for labor and materials used for the improvements, until all the claims have been paid, and shall not be a trust fund in the hands of any other person.

■

The statute is clear and unambiguous. It does not contain any explicit language requiring direct payment from the owner to a subcontractor. In *State v Blaisdell,* 85 Wis. 2d 172, 270 N.W.2d 69 (1978), the supreme court held that pursuant to sec. 289.02(5), Stats.,[1] money paid from an owner to a contractor and then to a subcontractor constituted trust funds in the hands of the subcontractor. Although the issue of direct payment was not addressed in *Blaisdell,* the court decided that the subcontractor held the funds in trust for one of its suppliers. *Id.* at 178, 270 N.W.2d at 73. This analogous case supports our conclusion that sec. 779.02(5) does not require direct payment from the owner to the subcontractor.

We now turn to the issue of whether money paid to Weslow retained its trust fund status when it was deposited in Weslow's account at Pulaski State Bank. The bank argues that money in Weslow's account loses its trust fund status since sec. 779.02(5) states that moneys constitute a trust fund "only in the hands of

---

[1] Section 289.02(5), Stats. (1977), is the predecessor to sec. 779.02(5), Stats.

the . . . subcontractor . . . and shall not be a trust fund in the hands of any other person."

■■

The spirit or intention of a statute should govern over the literal meaning of the language used. *Town of Menominee v. Skubitz,* 53 Wis. 2d 430, 437, 192 N.W.2d 887, 890 (1972). We may therefore construe a statute when its meaning is clear if a literal application would lead to an absurd or unreasonable result. *Coca-Cola Bottling Co. v. La Follette,* 106 Wis. 2d 162, 170, 316 N.W.2d 129, 133 (Ct. App. 1982). The purpose of sec. 779.02(5) is to protect subcontractors and suppliers by creating a trust fund for their benefit. *See State v. Wolter,* 85 Wis. 2d 353, 365, 270 N.W.2d 230, 237 (Ct. App. 1978). Since funds are normally deposited in a bank account before disbursement to subcontractors and suppliers, this purpose will be defeated if we adopt the bank's position. Trust fund status is not destroyed by merely depositing money in the bank account of the trustee. *See* 76 Am. Jur. 2d *Trusts* § 261 (1975). We hold that Weslow's funds on deposit with the Pulaski State Bank are "in the hands of the subcontractor" for purposes of sec. 779.02(5).

*By the Court.*—Order reversed.