COURT OF APPEALS
DECISION
DATED AND FILED

July 24, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1821**

**STATE OF WISCONSIN**

Cir. Ct. No. **2023SC735**

**IN COURT OF APPEALS
DISTRICT IV**

---

KIRK LEWIS,

PLAINTIFF-APPELLANT,

V.

JULIE BAUER BURKHOLDER AND JASON BURKHOLDER,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Reversed and cause remanded for further proceedings.*

¶1 TAYLOR, J.[1] Kirk Lewis ("Kirk"), as the personal representative of the Estate of Thomas Lewis, appeals a circuit court order dismissing Kirk's

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

complaint for eviction and damages against Julie Burkholder and Jason Burkholder (collectively, "the Burkholders") on the grounds that no tenancy existed and no landlord-tenant relationship was established between the parties to permit eviction pursuant to WIS. STAT. § 799.40(1).[2] I conclude that the undisputed facts establish that the Burkholders were tenants at will. Accordingly, I reverse the decision of the circuit court and remand for further proceedings consistent with this opinion.[3]

## BACKGROUND

¶2 The parties do not dispute the following material facts, which in part were established by uncontroverted evidence admitted in the eviction trial.[4] In

---

[2] Because the parties share surnames, for clarity and ease of reading, I use first names when referring to the parties individually.

[3] This court has addressed other aspects of this case in two previous appeals. *See Lewis v. Burkholder*, No. 2023AP2244, unpublished slip op. (WI App Apr. 22, 2024) (reversing circuit court's judgment of eviction and remanding for a trial and the taking of evidence); *see also Lewis v. Burkholder*, No. 2024AP677, unpublished slip op. (WI App July 19, 2024) (summary reversal of a judgment ordering that the Burkholders pay Kirk's fees and costs).

[4] Despite the undisputed material facts, the Burkholders assert in their appellate response brief that they contest Kirk's statement of facts in his appellate briefing because of the various page numbers that appear on each page of Kirk's appellate appendix. However, as Kirk notes in his reply brief, appellate parties are required by WIS. STAT. § 809.19(1)(d) to include only citations to the record in the statement of facts, with which Kirk complied. Accordingly, I reject all assertions made by the Burkholders concerning Kirk's citation method.

The Burkholders' confusion over the multiple page numbers that appear on each page of the parties' appendices may be the result of several factors which I address here. First, when circuit court documents are efiled in the appellate record, an appellate header with the date and page number is added to the top of each page, which frequently differs from a document's original page number in the circuit court record.

(continued)

January 2019, the Burkholders entered into a written, one-year residential lease agreement with James Ness for a property located at 202 N. Main Street, in Lodi, Wisconsin ("the property"). Pursuant to the lease, the Burkholders rented the property from February 1, 2019, until January 31, 2020, and made monthly rent payments to Ness in the amount of $1,100. After the lease expired on January 31, 2020, the Burkholders continued to reside in the property and continued to make the same monthly rent payments.

¶3 In August 2020, following Ness's death and in preparation for selling the property, Ness's estate delivered an eviction notice to the Burkholders. In September 2020, Thomas Lewis ("Thomas") purchased the property. Thomas was the long-term romantic partner of Julie Burkholder's mother.[5] Julie obtained Thomas's durable power of attorney and facilitated the purchase of the property. The purchase agreement states that the "seller will rescind [the] 30 day notice to evict the tenants, which was given (hand delivered) to tenants [on] Aug 26, 2020" and that "[Thomas] acknowledges receipt of current lease that has expired and is

_____

Second, the page numbers in each party's appendix and in their briefing also differ from the efile appellate page number inserted in the header of each page because both parties here fail to comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule has been amended, *see* S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for efiling. As our supreme court explained when it amended the rule, the new pagination requirements ensure that the numbers on each page of a brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. Supreme Court Note, 2021, RULE 809.19.

[5] Julie is referred to throughout the appellate record as "Jullie," "Julie A. Bauer," and "Julie A. Burkholder."

on a month to month."[6]  The expired lease stated that in the event of a voluntary or involuntary transfer of ownership of the premises, the "Landlord's obligations under this lease are expressly released by Tenant.  The new owner of the [property] shall be solely responsible for [the] Landlord's obligations under this Contract."

¶4    After Thomas purchased the property, the Burkholders continued to live in the property with Thomas's permission, but did not make any rent payments.  No lease agreement was ever entered into between Thomas and the Burkholders.

¶5    Thomas died in July 2021.  Thomas's adult son, Kirk, was appointed as the personal representative of Thomas's estate ("the Estate"), and it was in this capacity that Kirk acted at all pertinent times here.  Thomas's will devised the property to Julie, subject to any and all liens, mortgages, and encumbrances. During the administration of the Estate, title to the property remained in Thomas's name because Kirk was waiting for Julie to satisfy or refinance the outstanding mortgage on the property.  When Julie did not make the mortgage payments on the property, the mortgage lender commenced a foreclosure action against the Estate in the Columbia County Circuit Court, which the Estate settled by making the outstanding payments.[7]  In March 2023, Kirk commenced a separate legal action

---

[6] It appears that after the expiration of the written lease on January 31, 2020, the Burkholders became hold-over residential tenants pursuant to WIS. STAT. § 704.25(2)(b), which states: "If premises are leased … for any period primarily for private residential purposes, and the tenant holds over after expiration of the lease, the landlord may elect to hold the tenant on a month-to-month basis."  With some exceptions not applicable here, "[a] periodic tenancy arising under this section is upon the same terms and conditions as those of the original lease."  *See* § 704.25(3).

[7] *See **Planet Home Lending LLC v. The Estate of Thomas J. Lewis**,* Columbia County Case No. 2022CV220.

in the Columbia County Circuit Court against Julie for a judgment, in pertinent part, that deemed the devise of the property to Julie a failed transfer due to her inability to satisfy or refinance the outstanding mortgage on the property. On July 14, 2023, the court entered a default judgment in that action, concluding that the devise of the property to Julie had been a failed transfer.[8] The court authorized Kirk to sell the property and include the net proceeds of the sale as residue of the Estate to be distributed pursuant to the terms of the will.

¶6    On August 14, 2023, and pursuant to WIS. STAT. § 704.19, Kirk served Julie with a 28-day notice to terminate the tenancy by September 29, 2023.[9] The Burkholders did not vacate the property by that date. On October 6, 2023, Kirk commenced the eviction action to remove the Burkholders from the property and sought damages. In their answer to the complaint, the Burkholders alleged that no tenancy was created between them and Thomas either before or after his death. Following the eviction trial,[10] the circuit court concluded that because the Burkholders never paid rent to Thomas, no tenancy existed and no landlord-tenant

---

[8] *See Lewis v. Burkholder*, Columbia County Case No. 2023CV70. I take judicial notice that, according to the Wisconsin Consolidated Court Automation Programs (CCAP), which is the case management system provided by the Wisconsin Circuit Court Access program that provides public access online to reports of activity in Wisconsin circuit courts, the circuit court denied two of Julie's postjudgment motions for relief from the default judgment. *See* WIS. STAT. § 902.01; *see also Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (This court may take judicial notice of CCAP records).

[9] WISCONSIN STAT. § 704.19 provides that periodic tenancies and tenancies at will can be terminated only by either the landlord or the tenant giving the other party written notice, which requires generally that at least 28 days' notice of termination be provided. *See* § 704.19 (1)-(3).

[10] In November 2023, the circuit court issued a decision granting the eviction against the Burkholders. The Burkholders appealed on the ground that the court did not conduct a trial and that no evidence was taken before the court granted the eviction. We reversed the judgment of eviction on that basis and remanded to the circuit court for trial. *See Lewis v. Burkholder*, No. 2023AP2244, unpublished slip op. (WI App Apr. 22, 2024).

relationship was established. The court dismissed the complaint for "fail[ing] to state a claim for eviction" under WIS. STAT. § 799.40(1).[11] Kirk appeals.

## DISCUSSION

¶7 On appeal, Kirk argues, in pertinent part, that the Burkholders were tenants at will. I agree. Accordingly, I reverse and remand.

### I. Applicable Legal Principles & The Standard of Review

¶8 Pursuant to WIS. STAT. § 799.40(1), "[a] civil action of eviction may be commenced by a person entitled to the possession of real property, or by that person's agent authorized in writing, to remove therefrom any person who is not entitled to either the possession or occupancy of such real property." An eviction action under this statute may not be brought against a "non-tenant." *See State v. Whitrock*, 161 Wis. 2d 960, 975, 468 N.W.2d 696 (1991) (eviction procedures of § 799.40 "do not apply" when a property owner seeks to remove a non-tenant occupant). Hence, in order to commence an eviction action pursuant to § 799.40(1), there must be a showing of circumstances which permit the inference that the parties intended to assume a landlord-tenant relationship, *Town of Menominee v. Skubitz*, 53 Wis. 2d 430, 435-36, 192 N.W.2d 887 (1972), which is

---

[11] "'A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.'" *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693 (quoted source omitted). The circuit court looks to the sufficiency of the facts alleged in the complaint in determining whether a claim for relief is properly pled. *Id.* at 21. Here, the Burkholders never moved to dismiss the complaint for failure to state a claim, and it is clear from the court's decision that it was not dismissing the action because of the insufficiency of the complaint to state a claim on which relief can be granted but rather because the court determined that the evidence presented at trial failed to establish the existence of a tenancy and a landlord-tenant relationship. Therefore, I interpret the court's dismissal of the complaint to be based on the evidence presented at trial, rather than on the allegations made in the complaint.

a factual determination. *See **Burmeister v. Vondrachek***, 86 Wis. 2d 650, 660, 273 N.W.2d 242 (1979) (Whether a landlord-tenant relationship exists is an issue of fact to be determined at trial.). I will defer to the circuit court's factual findings unless they are "against the great weight and clear preponderance of the evidence." ***Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530.

¶9    In determining whether a tenancy existed in this case, I must apply the applicable landlord-tenant statutes to the facts. ***Sheppard v. Jensen***, 2004 WI App 216, ¶22, 277 Wis. 2d 260, 689 N.W.2d 667. Whether the Burkholders were tenants is an issue of law which I review independently. ***M & I First Nat'l Bank v. Episcopal Homes Mgmt., Inc.***, 195 Wis. 2d 485, 498, 536 N.W.2d 175 (Ct. App. 1995).

## II. The Burkholders Were Tenants at Will

¶10    The central dispute between the parties concerns whether the Burkholders were tenants at will and subject to eviction under WIS. STAT. § 799.40(1). For the following reasons, I conclude that the uncontested facts establish that the Burkholders were tenants at will. I therefore reverse the decision of the circuit court and remand for further proceedings consistent with this opinion.

¶11    There are several different types of landlord-tenant relationships that may be created between parties pursuant to: (1) a lease agreement; (2) a "periodic" tenancy, defined as a tenant who holds possession of a property without a valid lease and pays rent on a periodic basis; or (3) a tenancy at will, when a party holds possession of a property with the landlord's permission and does not pay rent. *See*

WIS. STAT. § 704.01(1)-(2), (5). Neither party argues that there was a lease agreement or periodic tenancy between Thomas and the Burkholders.

¶12 In the circuit court's oral decision after trial, the court made the following factual findings: after Thomas purchased the property, he held title to the property; there was no money paid by the Burkholders to Thomas; Thomas allowed the Burkholders to live in the property with no additional agreement or lease; and the Burkholders continued to occupy the property. These findings are supported by Julie's trial testimony: Thomas purchased the property for her because he wanted to take care of her and did not want her or her children to be homeless; she did not have to pay rent; and she had Thomas's permission to reside in the property.

¶13 Despite these findings, the circuit court concluded that no tenancy had ever existed and no landlord-tenant relationship was established between Thomas and the Burkholders because the Burkholders never made rent payments to Thomas. For example, the court stated that "[Thomas] is not making [Julie] pay, her not making any payments toward rent during this time after her lease with … Mr. Ness expired and Mr. Lewis took over that. Again, that lease didn't continue because … [Julie] didn't pay rent." It is apparent from the entirety of the court's decision that its legal conclusion that no tenancy existed and its factual finding that there was no landlord-tenant relationship was premised on the Burkholders not paying rent to Thomas. This premise as the foundation of the court's decision was in error. As noted, a "tenant at will" is defined as "any tenant holding with the permission of the tenant's landlord without a valid lease and under circumstances not involving periodic payment of rent." WIS. STAT. § 704.01(5). *See also* **Burmeister**, 86 Wis. 2d at 661("A tenant at will occupies the property with the permission of the landlord but without a lease or the periodic

8

payment of rent."). As the plain language of § 704.01(5) sets forth, a tenant at will does not involve the periodic payment of rent. Accordingly, I conclude that the facts as found by the court and uncontested by the parties establish that the Burkholders were tenants at will and did have a landlord-tenant relationship with Thomas. To the extent that the court found that there was no landlord-tenant relationship between Thomas and the Burkholders, that finding is against the great weight and clear preponderance of the evidence and contrary to the other factual findings made by the court.

¶14 The Burkholders argue that "Mr. Lewis" and the Burkholders never established a landlord-tenant relationship because he never gave the Burkholders explicit permission to occupy the property. The Burkholders allege that receiving the permission of the landlord "necessarily requires [] some face-to-face arms-length negotiation by the landlord and tenant to frame that tenancy form; minimally a request by one party and a grant of permission by the other, which neither side argues occurred here." This argument fails for the following reasons.

¶15 To the extent that the Burkholders mean to argue that neither Thomas nor Kirk ever gave them explicit permission to occupy the property, the Burkholders do not cite to any persuasive legal authority that receiving the permission of a landlord to occupy a property requires explicit, as opposed to implicit, permission. In other words, there may be factual scenarios when a landlord indicates implicitly that the tenant has the landlord's permission to occupy. For example, in *Gutter v. Gutter*, 2024 WI App 56, ¶28, 413 Wis. 2d 741, 14 N.W.3d 105, which I cite for persuasive value only, this court concluded that the landlord's conduct in giving the tenant the keys to the property, checking on the property, and taking no action to remove the tenant over two years supported the landlord's implicit permission for the tenant to occupy the property.

The Burkholders do not develop an argument that persuades me otherwise. I need not consider arguments that are unsupported by legal citations or are otherwise undeveloped, and I decline to do so here. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to address arguments that lack references to supporting facts or legal authority).

¶16     To the extent that the Burkholders intend to argue that Thomas never gave them explicit permission to occupy the property, such an assertion further conflicts with Julie's trial testimony that she had Thomas's permission to reside in the property and not pay rent. Indeed, it is hard to fathom that the Burkholders lived in the property for more than eighteen months rent free before Thomas's death without having, at a minimum, Thomas's implicit permission to do so. The undisputed facts establish as a matter of law that there was a landlord-tenant relationship between Thomas and the Burkholders.

¶17     The Burkholders also appear to rely on the circuit court's conclusion that "Mr. Lewis" never had a landlord-tenant relationship with them, as concluding that Kirk never had such a relationship. However, a review of the trial transcript and the entirety of the court's oral decision dismissing the eviction action unequivocally establishes that the court concluded that no tenancy ever existed, and no landlord-tenant relationship was ever established, between *Thomas* and the Burkholders, as opposed to *Kirk* and the Burkholders. As explained next, any such conclusion regarding a relationship between Kirk and the Burkholders fails as a matter of law under a different analysis.

¶18     I now turn my attention to whether the tenancy at will persisted following Thomas's death, which, as noted, is a legal issue subject to my independent determination. Kirk argues that a tenancy at will did exist following

Thomas's death because: a decedent's personal representative holds legal title to the assets of the Estate, and a beneficiary only inherits them after the due course of administration; the personal representative stands in the shoes of the decedent to pursue any claims the decedent may have had; and neither Julie or Jason had any ownership interest in the property at the time the eviction action was commenced. In their response brief, the Burkholders fail to refute these assertions and the supportive legal authority cited. Therefore, I deem these unrefuted arguments as conceded by the Burkholders and conclude that the tenancy at will did survive Thomas's death. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("'Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute.'" (quoted source omitted)).

¶19 The Burkholders argue that no tenancy at will existed after Thomas's death because Kirk testified at trial that he did not want Julie as a tenant and that he did not want to take actions to create a tenancy. I reject this argument because Kirk's desire to not have a tenancy with the Burkholders does not terminate the tenancy at will, which requires 28 days written notice. See WIS. STAT. § 704.19(2)-(3).

¶20 The Burkholders make other arguments on appeal that can be easily rejected. The Burkholders argue that Kirk "waived" or "forfeited" the issues of whether a landlord-tenant relationship was established and whether the

11

Burkholders were tenants at will.[12] "As a general rule, issues not raised in the circuit court will not be considered for the first time on appeal." *State v. Dowdy*, 2012 WI 12, ¶5, 338 Wis. 2d 565, 808 N.W.2d 691. Here, the record establishes that these were central issues raised and sufficiently developed by Kirk in the circuit court proceedings, and are therefore not forfeited. The Burkholders also argue that in order to preserve these issues for appeal, Kirk must have persisted in arguing for his position even after the court rendered its oral decision rejecting Kirk's position. No supporting legal authority is cited for such a proposition, and I reject it. *See Pettit*, 171 Wis. 2d at 646.

¶21    In sum, I conclude that the uncontested facts establish that the Burkholders were tenants at will. Because Kirk, as the personal representative of Thomas's estate, properly pursued an eviction action to remove the Burkholders pursuant to WIS. STAT. § 799.40(1), the action was erroneously dismissed by the circuit court.

## CONCLUSION

¶22    For the reasons stated, I reverse the circuit court's dismissal of Kirk's complaint for eviction and damages and remand for further proceedings consistent with this opinion.

---

[12] In their briefing, the parties sometimes confuse the rule of "waiver" and the rule of "forfeiture." These are distinct, but often incorrectly interchanged, rules. Forfeiture refers to the failure of a party to make the timely assertion of a right, while waiver is a party's intentional relinquishment or abandonment of a known right. *State v. Pinno*, 2014 WI 74, ¶¶56-57, 356 Wis. 2d 106, 850 N.W.2d 207. Because the parties' arguments concerning waiver refer to the failure to raise an issue in the circuit court, I interpret the parties' arguments about waiver as intending to advance arguments about "forfeiture."

*By the Court.*—Order reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.